(300 P.3d 644)
No. 106,662

STATE OF KANSAS, *Appellee*, v. LUIS D. SARABIA-FLORES, *Appellant*.

Opinion filed May 10, 2013.

*Christopher S. O'Hara*, of O'Hara & O'Hara, LLC, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., PIERRON and STANDRIDGE, JJ.

STANDRIDGE, J.: Luis D. Sarabia-Flores appeals from the district court's order denying his postsentencing motion to withdraw his guilty plea to misdemeanor drug paraphernalia charges. Sarabia-Flores entered his guilty plea in 2002 and filed the motion to withdraw his plea in 2011. Sarabia-Flores contends his counsel at trial was ineffective for failing to advise him of potential immigration consequences arising from his plea as required by *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 1483, 176 L. Ed. 2d 284 (2010). But after briefing and oral argument in this matter, the United States Supreme Court held in *Chaidez v. United States*, 568 U.S. ___, 133 S. Ct. 1103, 1105, 185 L. Ed. 2d 149 (2013), that defendants whose convictions became final prior to *Padilla* cannot benefit from its holding. Because the rule announced in *Padilla* does not apply retroactively to a defendant whose conviction became final before *Padilla* was decided, we affirm the district court's decision to deny Sarabia-Flores' motion to withdraw his plea.

### FACTS

In December 2001, Luis D. Sarabia-Flores was charged in Sedgwick County District Court with one count of possession of cocaine. Ultimately, Sarabia-Flores entered a guilty plea to an amended charge of attempted possession of paraphernalia, a class B misdemeanor. Sarabia-Flores was placed on 12 months' probation with an underlying jail term of 6 months' incarceration. The plea was entered and sentence was imposed on July 3, 2002. Several months later, Sarabia-Flores violated the terms of his probation and his probation was revoked. He was ordered to serve 60 days in jail, after which his case was terminated.

In March 2011, Sarabia-Flores filed a motion to withdraw his guilty plea in his 2002 case. Sarabia-Flores asserted that he was not a United States citizen and that his attorney failed to advise him of the immigration consequences—automatic deportation—of pleading guilty to a drug-related charge. Sarabia-Flores argued that his attorney was ineffective in failing to advise him of the likelihood of deportation under *Padilla* and that manifest injustice required he be permitted to withdraw his plea. The State opposed Sarabia-Flores' request for relief on both the procedural ground that the motion was filed out of time and the substantive ground that Sarabia-Flores was unable to establish that permitting him to withdraw the plea would correct a manifest injustice.

In May 2011, the Department of Homeland Security (DHS) issued a notice to appear to Sarabia-Flores alleging that he was in violation of his 1994 entry permit which admitted him to the United States for 72 hours as a visitor. Citing his violation of the terms of his entry and his 2002 conviction, DHS determined that Sarabia-Flores should be detained pending his removal from the country.

On June 3, 2011, the district court held a hearing on Sarabia-Flores' motion to withdraw his plea. As a preliminary matter, the court rejected the State's claim that Sarabia-Flores' motion was time barred. Sarabia-Flores then testified. In his testimony, Sarabia-Flores acknowledged that he did, in fact, enter the United States in 1994 on a border crossing permit limited to 72 hours and

thereafter stayed and became an undocumented alien. Sarabia-Flores further testified, however, that during the 2002 case his attorney never asked where he was born or whether he was a United States citizen, and never mentioned that pleading to the paraphernalia charge could have immigration consequences. Sarabia-Flores noted that he did not speak English in 2002 and did not learn of the potential immigration consequences of his plea until December 2010, when he went to an attorney to try to obtain legal status. When he learned his conviction would prevent him from obtaining legal status, Sarabia-Flores hired his present counsel to seek to withdraw his plea. After he appeared for his initial hearing on his motion to withdraw, immigration officials took him into custody.

After hearing the evidence and the parties' oral arguments, the district court denied the motion. Specifically, the district court found the *Padilla* case did not apply retroactively to Sarabia-Flores' 2002 plea. As a result, the court held trial counsel's performance was not ineffective assistance under the standards set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267.

## ANALYSIS

### Standard of Review

An appellate court will not disturb a trial court's denial of a motion to withdraw a plea after sentencing unless the defendant establishes an abuse of discretion. *State v. Plotner*, 290 Kan. 774, 777, 235 P.3d 417 (2010). Judicial discretion varies depending upon the nature of the question presented for determination. A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

### The Timeliness of Sarabia-Flores' Motion to Withdraw Plea

Relevant to the facts presented here, a motion to withdraw a plea after sentencing must be brought within 1 year of "[t]he final order of the last appellate court in this state to exercise jurisdiction

on a direct appeal or the termination of such appellate jurisdiction." K.S.A. 2012 Supp. 22-3210(e)(1). The statutory amendment creating this time limitation became effective on April 16, 2009. L. 2009, ch. 61, sec. 1.

Relying on *State v. Benavides*, 46 Kan. App. 2d 563, 568-69, 263 P.3d 863 (2011), the State argued to the district court that for cases predating the amendment such as the one presented here, a defendant had 1 year from the effective date of the amendment to file a motion to withdraw plea. But the district court was not persuaded by the State's argument and held that the 2009 amendment creating the 1-year statute of limitations did not apply retroactively to Sarabia-Flores' 2002 plea. On appeal, the State contends that this portion of the district court's ruling was erroneous.

Nevertheless, we cannot consider the procedural argument made by the State in its brief because the State did not cross-appeal from the court's ruling that the 1-year statute of limitations did not apply retroactively to Sarabia-Flores' 2002 plea. See *Butler County R.W.D. No. 8 v. Yates*, 275 Kan. 291, 299, 64 P.3d 357 (2003) (in order to present adverse ruling for appellate review, K.S.A. 2002 Supp. 60-2103[h] requires an appellee to file a cross-appeal from that adverse ruling).

*The District Court's Decision to Deny Sarabia-Flores' Motion to Withdraw Plea*

After sentencing, a district court may, in the exercise of sound judicial discretion, set aside the judgment of conviction and withdraw a defendant's plea in order "[t]o correct manifest injustice." K.S.A. 2012 Supp. 22-3210(d)(2). When determining whether the defendant has shown manifest injustice, *i.e.*, an outcome which is obviously unfair or shocking to the conscience, district courts should consider the following: "(1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made." *State v. Bricker*, 292 Kan. 239, Syl. ¶ 4, 252 P.3d 118 (2011).

On appeal, Sarabia-Flores claims the district court erred in finding that the failure of his attorney in 2002 to determine his status

as an undocumented alien and advise him of the adverse impact any conviction could have on his immigration status was insufficient evidence to establish the manifest injustice necessary to allow him to withdraw his plea. "A defendant filing a postsentence motion to withdraw plea under K.S.A. 22-3210(d) that alleges ineffective assistance of counsel due to deficient performance must meet constitutional standards to demonstrate manifest injustice." *Bricker*, 292 Kan. at 245. Consequently, Sarabia-Flores must meet the *Strickland* test by demonstrating that (1) counsel's performance fell below the objective standard of reasonableness and (2) there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. 466 U.S. at 687; see *Bricker*, 292 Kan. at 245-46. Sarabia-Flores bears the burden to show by a preponderance of the evidence that his attorney's representation was deficient and prejudiced him. See *State v. Adams*, 292 Kan. 151, 167, 254 P.3d 515 (2011).

Notably, Sarabia-Flores' claim of ineffective assistance of counsel is grounded in the United States Supreme Court's decision in *Padilla*, 130 S. Ct. at 1483, which held that the Sixth Amendment requires criminal defense attorneys to advise their noncitizen clients about the deportation consequences of a guilty plea. *Padilla* was decided in 2010, but Sarabia-Flores' conviction became final in 2002. Because his conviction became final well before the Supreme Court decided *Padilla*, Sarabia-Flores can only avail himself of the rule announced in *Padilla* if that rule applies retroactively to cases on collateral review under the framework set forth in *Teague v. Lane*, 489 U.S. 288, 310, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989). At the time of briefing and oral argument in this case, no Kansas appellate court had squarely addressed whether *Padilla* applies retroactively. On February 20, 2013, however, the United States Supreme Court resolved the issue and unambiguously held that *Padilla* set forth a new rule of criminal procedure that does not apply retroactively to cases on collateral review. See *Chaidez*, 133 S. Ct. at 1105 ("We conclude that, under the principles set out in *Teague* . . . , *Padilla* does not have retroactive effect.").

The law is now clear that Sarabia-Flores, like other defendants whose convictions became final prior to *Padilla*, cannot avail him-

self of its holding in a collateral proceeding. See *Chaidez*, 133 S. Ct. at 1113 ("Under *Teague*, defendants whose convictions became final prior to *Padilla* . . . cannot benefit from its holding."). Accordingly, we affirm the district court's order denying Sarabia-Flores' motion.