NOT DESIGNATED FOR PUBLICATION

No. 113,802

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MANUEL SARABIA MATA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; VAN Z. HAMPTON, judge. Opinion filed April 1, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before ATCHESON, P.J., BRUNS, J., and WALKER, S.J.

*Per Curiam*: Manuel Sarabia Mata appeals the district court's denial of his motion to withdraw his guilty plea. Pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67), we granted Mata's motion for summary disposition in lieu of briefs. The State did not file a response. For the reasons set forth in this opinion, we affirm the district court's denial of Mata's postconviction motion to withdraw plea.

On September 25, 1998, Mata pled guilty to one count of possession of cocaine. The district court subsequently sentenced Mata to serve 24 months of probation with an underlying 11-month prison sentence. Mata did not appeal his conviction or sentence. More than 15 years later, however, Mata filed a motion to withdraw his guilty plea.

1

In his motion to withdraw his plea, Mata argued that his trial counsel did not inform him that pleading guilty could affect his immigration status. In support of his argument, he cited *Padilla v. Kentucky*, 559 U.S. 356, 359, 374, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010), in which the United States Supreme Court held that the Sixth Amendment to the United States Constitution requires criminal defense attorneys to advise their clients about the risk of deportation arising from a guilty plea. On April 30, 2014, the district court denied the motion, finding that *Padilla* did not apply retroactively.

On appeal, Mata acknowledges that the United States Supreme Court has held that *Padilla* does not retroactively apply to conviction that became final prior to the date of its holding. See *Chaidez v. United States*, 568 U.S. ___, 133 S. Ct. 1103, 1113, 185 L. Ed. 2d 149 (2013) ("This Court announced a new rule in *Padilla*. Under *Teague* [*v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989)], defendants whose convictions became final prior to *Padilla* therefore cannot benefit from its holding."). Based on our review of *Chaidez*, we agree with the district court that *Padilla* does not apply retroactively. See *State v. Sarabia-Flores*, 48 Kan. App. 2d 932, 936, 300 P.3d 644 (2013). Accordingly, we affirm the district court's order denying Mata's motion to withdraw plea.

Affirmed.