NOT DESIGNATED FOR PUBLICATION

No. 120,024

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CORIE MATTHEW DUNN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; ROBERT J. BEDNAR, judge. Opinion filed June 28, 2019.
Affirmed.

*Andrew E. Werring*, of Werring Law Office, LLC, of Atchison, for appellant.

*Sherri L. Becker*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., GREEN and ATCHESON, JJ.

PER CURIAM: Last year, Defendant Corie Matthew Dunn filed a motion to withdraw a no contest plea to simple battery he entered in 2003 and to set aside the resulting conviction on the grounds that his recent inability to renew a permit to carry a concealed weapon—a collateral consequence of that conviction—amounted to manifest injustice warranting relief. The Atchison County District Court denied the motion. Dunn has appealed. We affirm.

1

In 2003, Dunn was charged with domestic battery arising from an incident with his ex-wife. Later that year, under an agreement worked out between his lawyer and the State, Dunn pleaded to an amended charge of misdemeanor battery. The district court accepted the plea and then sentenced him to six months in jail and placed him on probation. The district court terminated Dunn from probation as unsuccessful in 2004. This case was formally closed in 2007.

In 2014, Dunn applied for and received a Kansas Concealed Carry Permit, allowing him to carry a firearm. In early 2018, the Kansas Attorney General's Office declined to renew the permit because of the factual circumstances of the conviction and the United States Supreme Court's decision in *United States v. Hayes*, 555 U.S. 415, 418, 129 S. Ct. 1079, 172 L. Ed. 2d 816 (2009). In *Hayes*, the Court held that a federal statute prohibiting a person convicted of a misdemeanor offense involving domestic violence from possessing a firearm applies when the facts establish a domestic relationship even if that relationship is not an element of the crime of conviction. Given the *Hayes* decision, the attorney general's office reasoned that since Dunn could not lawfully possess a firearm under federal law, he could not be granted a concealed carry permit under Kansas law.

Citing the attorney general's denial of his renewal request, Dunn filed a motion in July 2018, to withdraw his no contest plea and to set aside his conviction in this case under K.S.A. 2018 Supp. 22-3210(d)(2). The statute permits a criminal defendant to withdraw a plea after sentencing "to correct manifest injustice." K.S.A. 2018 Supp. 22-3210(d)(2). The district court held a hearing later that month and denied the motion because *Hayes* reflected a change in the law that could not furnish manifest injustice to withdraw a plea entered years before it had been decided. Dunn has appealed.

The appellate courts review the denial of a motion to withdraw a plea for abuse of judicial discretion. *State v. Morris*, 298 Kan. 1091, 1100, 319 P.3d 539 (2014). A district

court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011). Dunn bears the burden of proving abuse of discretion. *Morris*, 298 Kan. at 1100.

In exercising its discretion under K.S.A. 2018 Supp. 22-3210(d), the district court should consider whether (1) the defendant was represented by competent counsel; (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) the plea was fairly and understandingly made. *Morris*, 298 Kan. at 1100-01; *State v. White*, 289 Kan. 279, 285, 211 P.3d 805 (2009). In turn, a manifestly unjust result is one that may be characterized as obviously unfair or shocking to the conscience. *State v. Kelly*, 291 Kan. 868, 873, 248 P.3d 1282 (2011).

Dunn concedes the lawyer representing him on the original charge acted competently in working out the plea deal and handling the case through sentencing. He does not claim he was misled or in some other way taken advantage of during the plea process or that he didn't understand what he was doing. Those concessions are wisely made, since the crux of Dunn's complaint rests on the *Hayes* decision that did not become law until six years after his plea and sentencing. A criminal defendant's lawyer typically is not required to predict changes in the law that don't come to pass for years and should not be considered incompetent for failing to do so. Likewise, a determination to dispose of a case in conformity with existing law typically should not be characterized as unfair or unjust in a way that would warrant withdrawing a plea after sentencing.

Two other considerations bolster our view that the district court acted within its discretion in denying Dunn's motion. First, as we have indicated, what Dunn complains about is a collateral consequence or cost of his conviction—not a form of punishment

3

imposed for the crime itself. Neither a defense lawyer nor a district court is required to outline for a defendant all of the collateral consequences of a plea and resulting conviction. See *In re J.C.*, 260 Kan. 851, Syl. ¶ 2, 925 P.2d 415 (1996) (use of conviction as sentencing enhancement in future prosecution); *State v. Barahona*, 35 Kan. App. 2d 605, 611-12, 132 P.3d 959 (2006) (defendant need not be informed of collateral effects of felony plea); *Sellers v. State*, No. 112,099, 2015 WL 5750517, at *9 (Kan. App. 2015) (unpublished opinion); but see *State v. Sarabia-Flores*, 48 Kan. App. 2d 932, 936, 300 P.3d 644 (2013) (lawyer representing noncitizen criminal defendant obligated by *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 [2010], to advise client generally about immigration consequences of plea or conviction; but obligation held not retroactive). Those cases deny relief based on collateral consequences legally recognized at the time of the defendant's plea, except for possible deportation and even that exception has not been applied retroactively. A fortiori, a defendant cannot set aside a plea because of a collateral consequence that was legally recognized only years after his or her plea and sentencing. That sinks Dunn's argument.

Second, a motion coming long after the disposition of a case on a plea injects considerations implicating the finality of judgments. See *State v. Moses*, 280 Kan. 939, 953, 127 P.3d 330 (2006). Consistent with preserving the finality of judgments, K.S.A. 2018 Supp. 22-3210(e) requires that a motion to set aside a plea after sentencing be brought within one year after the conclusion of any appellate review of the case or the expiration of the time for appellate review. The State has not argued that Dunn's motion was time barred, so we decline to consider untimeliness as a freestanding reason to affirm the district court. But the inclusion of a time limitation in K.S.A. 2018 Supp. 22-3210 reflects legislative intent to preserve the finality of judgments, especially as the delay in a defendant's challenge to a plea and resulting conviction lengthens into a second decade and the basis for the challenge rests on something other than the manifest unfairness of the underlying adjudicatory process and its direct legal consequences.

Dunn has failed to show an abuse of discretion in the district court's denial of his motion to withdraw his plea nearly a decade and a half after entering the plea and completing the sentence in this misdemeanor prosecution.

Affirmed.