No. 121,340

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

REX C. VAUGHN,
*Appellant*.

SYLLABUS BY THE COURT

1.

A district court sentencing a defendant for a new felony committed while on felony bond under K.S.A. 2019 Supp. 21-6606(d) may impose a nonprison sanction or a prison sanction, even though the new crime of conviction otherwise presumes a nonprison sentence. If a prison sentence is imposed, that sentence must be consecutive unless the defendant shows manifest injustice.

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed August 14, 2020. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., HILL and GARDNER, JJ.

GARDNER, J.:  Rex C. Vaughn pleaded guilty to possession of methamphetamine with intent to distribute—a crime he committed while on felony bond for a previous

crime. The district court ruled that special sentencing rules required it to impose the new prison sentence consecutively to Vaughn's previous sentence. Vaughn appeals his sentence, arguing that the district court erred by applying the wrong legal standard because the district court had the discretion to sentence him concurrently. Disagreeing, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2019, Vaughn pleaded guilty to possession of methamphetamine with intent to distribute, in violation of K.S.A. 2019 Supp. 21-5705(a)(l), (d)(3)(C). Because Vaughn committed this crime while on felony bond for a previous felony (forgery and burglary in Saline County), the district court found that Special Rule 10 applied to his new sentence. That special rule required the district court to impose the new sentence consecutively to his previous sentence. Vaughn's was not a multiple sentencing case—one that imposes two or more sentences on the same day.

Before sentencing, Vaughn moved for a durational departure of 74 months in prison and the State agreed to recommend this sentence. At sentencing, Vaughn's defense counsel acknowledged the special rule but argued that the manifest injustice exception to that rule applied. Vaughn asked the district court to run the sentences concurrently because he was already serving a long time in his other cases. The State countered that a manifest injustice finding was not appropriate under the circumstances.

The district court agreed with the State:

"Regrettably, the Court declines to find manifest injustice that would support the concurrent sentence with the Saline County case. Like I said, this is more than an addiction for you. This enables—this crime enables the addiction of so many others and

2

causes so much heartbreak in our community. So I will not find that there is manifest injustice. I will run the case consecutively."

The district court granted a durational departure, imposing a 74-month prison sentence consecutive to all prior cases, and a 36-month postrelease supervision term. Vaughn appeals.

## DID THE DISTRICT COURT ERR IN SENTENCING THE DEFENDANT?

On appeal, Vaughn argues solely that the district court erred by applying the wrong legal standard under K.S.A. 2019 Supp. 21-6606(d) and running his sentence consecutively. Vaughn contends that the district court had the discretion to sentence him concurrently and that the district court erred in finding that it did not. Although Vaughn did not raise this issue below, an exception applies which permits us to address the issue for the first time on appeal—a newly asserted theory that involves only a question of law that arises on proved or admitted facts and determines the case. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

The district court applied K.S.A. 2019 Supp. 21-6606(d) in sentencing Vaughn consecutively. Its terms are mandatory: "Any person who is convicted and sentenced for a crime committed while on release for a felony pursuant to article 28 of chapter 22 of the Kansas Statutes Annotated, and amendments thereto, shall serve the sentence consecutively to the term or terms under which the person was released." K.S.A. 2019 Supp. 21-6606(d). This statute forms the basis for Special Rule 10.

The Legislature provided an exception to this rule in K.S.A. 2019 Supp. 21-6819(a)—a district court shall not impose a mandatory consecutive sentence if manifest injustice will result. But Vaughn does not contend that this manifest injustice exception applies. Although Vaughn argued manifest injustice at his sentencing hearing, the district

3

court found that the circumstances did not warrant such a finding, and Vaughn does not challenge that finding on appeal.

Vaughn argues only that the judge had the discretion to sentence him to a concurrent sentence, citing K.S.A. 2019 Supp. 21-6604(f)(4). Vaughn's argument is threefold. First, he contends that the terms of this statute, which also apply when a defendant commits a crime while on felony bond, make a consecutive sentence permissive, not mandatory.

Second, Vaughn argues that K.S.A. 2019 Supp. 21-6604(f)(4) and K.S.A. 2019 Supp. 21-6606(d) are contradictory because both refer to the imposition of consecutive sentences for offenders on felony bond, yet one uses "may" and the other uses "shall."

Third, Vaughn relies on the rule of lenity that applies to conflicting statutes. See *State v. Horn*, 288 Kan. 690, 693, 206 P.3d 526 (2009) ("Where the legislature fails to manifest a clear legislative intent by permitting the existence of conflicting statutory provisions, the rule of lenity must be considered."). The rule of lenity requires this court to adopt the interpretation of a criminal statute most favorable to the defendant when presented with two reasonable and sensible interpretations of that statute. *State v. Collins*, 303 Kan. 472, 476, 362 P.3d 1098 (2015). Under this rule, the interpretation most favorable to Vaughn is that a new sentence for felons who commit new crimes while on felony bond may be imposed concurrently.

Vaughn also contends that canons of construction dictate that K.S.A. 2019 Supp. 21-6604(f)(4) controls because K.S.A. 2019 Supp. 21-6606(d) applies only when the defendant is receiving two sentences on the same day—Vaughn received only one sentence on his sentencing date. Vaughn argues that "K.S.A. 21-6606(d) merely grants authority for the court to impose a consecutive sentence under K.S.A. 21-6604(f)(4)." As

4

a result, Vaughn argues that the district court had discretion to impose a concurrent sentence without making a manifest injustice finding.

The State responds that K.S.A. 2019 Supp. 21-6604(f)(4) and K.S.A. 2019 Supp. 21-6606(d) do not conflict: "The seemingly contradictory language from K.S.A. 21-6604(f)(4) is in fact not contradictory as it applies only to authorize a prison sentence while deferring to K.S.A. 21-6606 for the mandatory consecutive nature of said sentence." As we explain below, we agree with the State's position.

ANALYSIS

"[S]tatutory interpretation is a question of law subject to unlimited review." *State v. Buell*, 307 Kan. 604, 606, 412 P.3d 1004 (2018). We apply the traditional principles of statutory interpretation:

> "'The most fundamental rule is that the intent of the legislature governs if that intent can be ascertained. An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. When a statute is plain and unambiguous, an appellate court does not speculate as to the legislative intent behind it and will not read into the statute something not readily found in it. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history or other background considerations to construe the legislature's intent.' [Citations omitted.]" *City of Dodge City v. Webb*, 305 Kan. 351, 356, 381 P.3d 464 (2016).

In interpreting K.S.A. 2019 Supp. 21-6604(f)(4), we must examine the statutory scheme considering "various provisions of an act in pari materia with a view to reconciling and bringing the provisions into workable harmony, if possible." *State v.*

*Coman*, 294 Kan. 84, 93, 273 P.3d 701 (2012); *State v. Cole*, 238 Kan. 370, Syl. ¶ 1, 710 P.2d 25 (1985). As a result, we do not read this statute in isolation.

*The language of the statutes*

We begin with the plain language of the statutes. Vaughn asserts K.S.A. 2019 Supp. 21-6604(f)(4) controls, permitting the court to sentence him consecutively or concurrently:

> "When a new felony is committed while the offender is on release for a felony pursuant to the provisions of article 28 of chapter 22 of the Kansas Statutes Annotated, and amendments thereto, or similar provisions of the laws of another jurisdiction, *a new sentence may be imposed consecutively pursuant to the provisions of K.S.A. 21-6606*, and amendments thereto, and the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure." (Emphasis added.) K.S.A. 2019 Supp. 21-6604(f)(4).

Vaughn alleges that the statute above conflicts with the one below:

> "Any person who is convicted and sentenced for a crime committed while on release for a felony pursuant to article 28 of chapter 22 of the Kansas Statutes Annotated, and amendments thereto, *shall serve the sentence consecutively* to the term or terms under which the person was released." (Emphasis added.) K.S.A. 2019 Supp. 21-6606(d).

We first examine K.S.A. 2019 Supp. 21-6604(f)(4). Its introductory clause—the language preceding "a new sentence"—describes the kind of felon to which the statute applies. Vaughn fits within that language, as both parties agree that Vaughn committed a new felony while he was on felony bond. So we set that clause aside.

6

The rest of subsection (f)(4) speaks to what the court may do when that introductory clause is met—"a new sentence may be imposed consecutively pursuant to the provisions of K.S.A. 2019 Supp. 21-6606." K.S.A. 2019 Supp. 21-6604(f)(4). The meaning of the subsection becomes clearer when we read its language in the active, instead of in the passive, voice. So instead of the passive "a new sentence may be imposed," the active voice says, "the court may impose a new sentence." Logically, this means that the court may or may not impose a new prison sentence. It has the discretion to do either. "May," as a helping verb, works as part of the verb "impose," not with the adverb "consecutively." When construing a statute, we apply the rules of English grammar.

We move on. If the court opts to impose a new prison sentence, how does it do that? It does so "consecutively pursuant to the provisions of K.S.A. 2019 Supp. 21-6606." K.S.A. 2019 Supp. 21-6604(f)(4). Consecutively is an adverb, modifying the verb "impose," or the verb phrase "may impose." Read together, this clause restricts the earlier portion of the sentence: "a new sentence may be imposed consecutively." The rest of the subsection is written in the active voice. It states, "the court may sentence the offender to imprisonment for the new conviction" even if the new crime is presumptive nonprison. K.S.A. 2019 Supp. 21-6604(f)(4). That language underscores that the focus of K.S.A. 2019 Supp. 21-6604(f)(4) is on what the court is authorized to do. This is consistent with the statute's heading, "Authorized dispositions."

We then look to "the provisions of K.S.A. 21-6606," as K.S.A. 2019 Supp. 21-6604(f)(4) requires that "a new sentence may be imposed consecutively pursuant to the provisions of K.S.A. 21-6606." The focus of the language in K.S.A. 21-6606 is not on what a court is authorized to do. Rather, the focus is on what sentence the recidivistic felon must serve. This statute has multiple subsections, one of which directly applies to Vaughn. But we must first briefly address four other subsections, as they paint the full picture.

7

K.S.A. 2019 Supp. 21-6606(a) addresses multiple sentences—when a court imposes separate sentences of imprisonment on the same date for a defendant's different crimes. Such sentences "shall run concurrently or consecutively as the court directs." K.S.A. 2019 Supp. 21-6606(a). If the court fails to direct, and the record is silent as to how two or more sentences imposed at the same time shall be served, they shall be served concurrently, "except as otherwise provided in subsections (c), (d) and (e)." K.S.A. 2019 Supp. 21-6606(a). Subsection (a) does not apply here because Vaughn did not receive multiple sentences—his sentences were on different dates. And, the record is not silent as to how Vaughn was to serve his sentence—the district court stated it was consecutive.

Nor does subsection (b) apply. Subsection (b) provides that persons convicted and sentenced for a crime committed while on probation, assignment to a community correctional services program, parole, or conditional release for a misdemeanor shall serve the sentence concurrently or consecutively, as the court directs. K.S.A. 2019 Supp. 21-6606(b). Vaughn was on bond for a felony.

The next three subsections of K.S.A. 2019 Supp. 21-6606 require consecutive sentences for certain repeat felons, including Vaughn:

"(c) Any person who is convicted and sentenced for a crime committed while on probation, assigned to a community correctional services program, on parole, on conditional release or on postrelease supervision for a felony shall serve the sentence consecutively to the term or terms under which the person was on probation, assigned to a community correctional services program or on parole or conditional release.

"(d) Any person who is convicted and sentenced for a crime committed while on release for a felony pursuant to article 28 of chapter 22 of the Kansas Statutes Annotated, and amendments thereto, shall serve the sentence consecutively to the term or terms under which the person was released.

8

"(e)(1) Any person who is convicted and sentenced for a crime committed while such person is incarcerated and serving a sentence for a felony in any place of incarceration shall serve the sentence consecutively to the term or terms under which the person was incarcerated."

These three sections show "a clear legislative intent to cover the waterfront and to require consecutive sentences where a defendant commits a felony while released on bond in a prior felony case, whether at the beginning of the prosecution prior to trial or at the end of the trial or after the defendant has been sentenced or after defendant is placed on probation or parole or conditional release or while incarcerated." *State v. Reed*, 237 Kan. 685, 688, 703 P.2d 756 (1985) (examining the predecessor statute, K.S.A. 1984 Supp. 21-4608[3], [4], and [5]).

Subsection (d) applies to Vaughn, independently of subsection (a), which does not apply here. It requires that "[a]ny person who is convicted and sentenced for a crime committed while on release for a felony pursuant to article 28 of chapter 22 of the Kansas Statutes Annotated, and amendments thereto, shall serve the sentence consecutively to the term or terms under which the person was released." K.S.A. 2019 Supp. 21-6606(d). Vaughn was convicted and sentenced for a crime committed while on release for a felony pursuant to article 28 of chapter 22 of the Kansas Statutes Annotated. So, for that new crime, he "shall serve the sentence consecutively." K.S.A. 2019 Supp. 21-6606(d). The court has no discretion to sentence Vaughn concurrently.

Vaughn argues that subsection (d) relates only to multiple sentences and is a subset of subsection (a). But he concedes that position is contrary to our cases which examined the predecessor statute to K.S.A. 2019 Supp. 21-6606—K.S.A. 21-4608. See *State v. Christensen*, 23 Kan. App. 2d 910, 937 P.2d 1239 (1997), *disapproved of on other grounds by State v. Bolin*, 266 Kan. 18, Syl. ¶ 3, 968 P.2d 1104 (1998); *State v. LaGrange*, 21 Kan. App. 2d 477, 901 P.2d 44 (1995), *abrogated by State v. Rodriguez*,

9

305 Kan. 1139, 390 P.3d 903 (2017); *State v. Owens*, 19 Kan. App. 2d 773, 875 P.2d 1007 (1994). He admits our Supreme Court has rejected that reasoning as well, citing *State v. Edwards*, 252 Kan. 860, 870, 852 P.2d 98 (1993) (finding subsection [1] is "a specific statute applied when all involved sentences occur, as here, *on the same date* and take precedence over subsection [3] of [K.S.A. 1992 Supp. 21-4608]"). Vaughn argues that these cases were wrongly decided, yet we have no ability to overturn a Supreme Court case, when, as here, we have no indication it is changing its position. *State v. Rodriguez*, 305 Kan. 1139, 1144390 P.3d 903 (2017) (Kansas courts are "duty bound to follow Kansas Supreme Court precedent absent indication Supreme Court is departing from previous position.").

Vaughn asserts that subsection (a), relating to multiple sentences, restricts the subsections that follow, including subsection (d). But the plain language of the statute is not structured that way—each subsection from (a) through (d) addresses a different factual situation. And subsection (a), relating to multiple sentences, expressly defers to subsection (d) in its exception. That exception states if the "record is silent as to the manner in which two or more sentences imposed at the same time shall be served, they shall be served concurrently, *except as otherwise provided in subsections (c), (d) and (e)*." (Emphasis added.) K.S.A. 2019 Supp. 21-6606(d). Subsections (c), (d), and (e) each require consecutive sentences. So even if a defendant commits multiple new felonies while on felony bond and the court imposes multiple sentences yet fails to state whether those sentences are concurrent or consecutive, subsection (d) requires the defendant to serve those sentences consecutively, despite subsection (a)'s general rule that when the record is silent two or more sentences imposed at the same time shall be served concurrently. Vaughn did not have two or more sentences imposed at the same time, so subsection (a) does not apply to him. Subsection (d) does.

These two statutes, K.S.A. 2019 Supp. 21-6604(f)(4) and K.S.A. 2019 Supp. 21-6606(d), do not conflict. Rather, they are harmonious. The Legislature intended for them

10

to be read together, as K.S.A. 2019 Supp. 21-6604(f)(4)'s reference to "the provisions of K.S.A. 2019 Supp. 21-6606" confirms. This natural reading of the statutes makes sense. A district court which chooses to impose a new sentence on a defendant such as Vaughn must do so "consecutively pursuant to the provisions of K.S.A. 2019 Supp. 21-6606." K.S.A. 2019 Supp. 21-6604(f)(4). It has no discretion to do otherwise. See *Reed*, 237 Kan. at 687-88 (finding mandatory consecutive sentences were required under the predecessor statute to K.S.A. 2019 Supp. 21-6606[d]—K.S.A. 1984 Supp. 21-4608[4]— because Reed committed two felonies after being released on felony bond pending trial in the first case).

In contrast, Vaughn's interpretation of K.S.A. 2019 Supp. 21-6604(f)(4) makes no sense. Vaughn interprets "may" as modifying "consecutively." He thus reads the operative language in this statute to mean: "a new sentence may be imposed consecutively or concurrently pursuant to the provisions of K.S.A. 2019 Supp. 21-6606." But that adds language to the subsection, which says nothing about concurrent sentences. See *State v. Ardry*, 295 Kan. 733, 737, 286 P.3d 207 (2012) (it is not for an appellate court to add to or delete vital language from a statute). And a concurrent sentence for a defendant like Vaughn (who is sentenced for a felony on one date and then commits another felony while on felony bond) is impossible "*pursuant to the provisions of K.S.A. 2019 Supp. 21-6606*." (Emphasis added.) K.S.A. 2019 Supp. 21-6604(f)(4). For that kind of repeat felon, the only applicable subsection in K.S.A. 2019 Supp. 21-6606 is (d), which mandates that the defendant "shall serve the sentence consecutively." So no concurrent sentence could be imposed pursuant to any provision of K.S.A. 2019 Supp. 21-6606 for Vaughn or similarly situated felons. Our interpretation, unlike Vaughn's, meets our duty to "construe a statute to avoid unreasonable or absurd results." *State v. Arnett*, 307 Kan. 648, 654, 413 P.3d 787 (2018).

11

*The legislative history*

Vaughn argues that certain testimony during legislative hearings in 1999 about the amendment to K.S.A. 21-4603d(f) "leaves no doubt that the Legislature intended district court judges to have discretion to run sentences either concurrently or consecutively when a new offense is committed while on felony bond." He cites testimony by Judge (now Chief Justice) Luckert, the Kansas Attorney General, and the Kansas District Judges' Association (KDJA).

Individual testimony during legislative sessions is rarely conclusive as to the Legislature's collective intent. See, e.g., *State ex rel. SRS v. Bohrer*, 286 Kan. 898, 911, 189 P.3d 1157 (2008) (finding contradictory comments tell us "very little about what the legislature actually believed when it enacted the statutes"). At any rate, we review the documents Vaughn has attached to his brief. Although we do not agree that the statute's language is ambiguous, neither is it a model of clarity. So we consider legislative history. See *Nauheim v. City of Topeka*, 309 Kan. 145, 149-50, 432 P.3d 647 (2019). It shows us that the issue before the Legislature was the court's power to sentence felons like Vaughn to prison instead of presumptive probation and had nothing to do with concurrent versus consecutive sentences.

Judge Luckert's testimony in support of the bill stated only that "[i]t would allow the sentencing judge to impose a sentence [to] be served consecutively for a new crime that was committed while he was on bond for the original crime." Nothing in her statement suggested that the bill would give the sentencing judge discretion to sentence such a defendant concurrently.

Similarly, Attorney General Stovall's letter submitted in support of the bill contained no language favorable to Vaughn's position. Instead, it stated that the bill

"will allow a judge the discretion to impose imprisonment on a criminal defendant who commits a new felony while on bond for a felony offense. . . . This bill simply provides the court with discretion to impose a sentence of imprisonment on a defendant who commits a new felony while on bond for committing a felony, with the result that the sentence is not considered a departure.

. . . .

"This bill merely grants the court the discretion to impose a prison sentence without it constituting a departure in a clearly essential situation."

The letter did not suggest that the district court would have any discretion to impose a concurrent sentence on such a defendant.

Neither did the testimony of the KDJA. It urged support of the bill, stating, "[t]he amendment would allow a sentencing judge to . . . sentence a defendant to prison to serve a sentence consecutive to another sentence if an offender commits a felony while released on bond before trial or sentencing in another case."

The KDJA referred to the use of the word "may" in concluding:

"Kansas district judges have experienced cases where the judge felt that a prison sanction was appropriate when the defendant committed a new crime while on bond awaiting sentencing in another case. A defendant's conduct while on bond is often a good indicator of the defendant's ability to abide by the conditions of probation. However, there are also circumstances where the nonprison sanction remains inappropriate. Thus, the Kansas District judges urge your support for the language which states that a defendant **may** be sentenced consecutively for a new crime committed while on bond. The Kansas District Judges also support the amendment which would allow the imposition of a prison sanction even if the crime might otherwise be presumptive probation."

This language explains that the "may" gives the sentencing court the option to sentence a defendant in Vaughn's position to a prison or a nonprison sanction, because "there are also circumstances where the nonprison sanction remains inappropriate." Thus, the KDJA's testimony cuts against Vaughn's contrary view that the word "may" permits a court to sentence him concurrently under this subsection of the statute.

The Legislature enacted K.S.A. 21-6604(f)(4), not to give courts discretion as to whether to sentence repeat felons like Vaughn concurrently or consecutively, but to give courts the power to sentence such defendants to imprisonment even when the new crime of conviction otherwise presumes a nonprison sentence. That is the thrust of the testimony above. And that is the issue that sparked enactment of this subsection, as we explain below.

When enacted in 1993, K.S.A. 21-4603d, the precursor to K.S.A. 21-6604(f), did not include language about defendants such as Vaughn, who committed a new felony while on felony bond. Rather, it stated:

> "When a new felony is committed while the offender is incarcerated and serving a sentence for a felony or while the offender is on probation, assignment to a community correctional services program, parole, conditional release, or postrelease supervision for a felony, a new sentence shall be imposed pursuant to the consecutive sentencing requirements of K.S.A. 21-4608, and amendments thereto, and the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure." K.S.A. 1993 Supp. 21-4603d(a); see L. 1993, ch. 165, § 1.

The Kansas Supreme Court held that this language excluded defendants such as Vaughn, who committed a new felony while on felony bond. *State v. Arculeo*, 261 Kan. 286, 293, 933 P.2d 122 (1997). Arculeo committed a new felony while released on bond

14

pending sentence in a prior felony case, as did Vaughn. Although the KSGA provided a presumptive nonprison sentence for his new crime, the district court sentenced him to prison. The district court found that Arculeo was on "conditional release" when he committed the new crime, fitting him within that term in the statute above.

The Kansas Supreme Court reversed, finding that K.S.A. 21-4603d did not include persons released for a felony under article 28, chapter 22, and inviting the Legislature to amend the statute if it desired that result:

> "The present statute we now consider, K.S.A. 21-4603d, does not contain the language relied on in *Reed* to cover a defendant released on bond. Notably absent from K.S.A. 21-4603d is the language contained in K.S.A. 21-4608(d), which specifically refers to article 28 of Chapter 22 of the Kansas Statutes Annotated and specifically covers a case like the one in this appeal where the new felony is committed while the defendant is on bond awaiting sentences in prior felonies. *Had the legislature wanted an accused charged with a new crime while released on bond for a prior felony to be covered under the provisions of K.S.A. 21-4603d authorizing imposition of a prison sentence when the new crime of conviction otherwise presumes a nonprison sentence, it could have added the language contained in K.S.A. 21-4608(d).*

> "We hold that a defendant who at the time of sentencing for a new felony had been released on bond pending sentence in a prior felony case, is not on conditional release as that term is used in K.S.A. 21-4603d. We further hold that the statutory provision in K.S.A. 21-4603d authorizing a court to sentence an offender to imprisonment for a new conviction even when the new crime of conviction otherwise presumes a nonprison sentence, does not apply to the defendant in this case, who committed a new felony while on bond pending sentence in a prior felony case." (Emphasis added.) *Arculeo*, 261 Kan. at 293.

So a district court lacked the authority to sentence repeat felons such as Vaughn to imprisonment for a new conviction presumed to be a nonprison sentence, even though the sentencing statute ("the language contained in K.S.A. 21-4608[d]," now K.S.A. 21-

15

6606[d]) then, as now, required a felon released on bond who committed a new felony to serve a consecutive sentence. See 261 Kan. at 293.

The Legislature responded to *Arculeo* by doing exactly what the Supreme Court invited it to do, granting courts that power. It amended K.S.A. 21-4603d in 1999 to add language specific to felons such as Arculeo and Vaughn who commit a new felony while released on bond for a prior felony:

> "When a new felony is committed while the offender is on release for a felony pursuant to the provisions of article 28 of chapter 22 of the Kansas Statutes Annotated, a new sentence may be imposed pursuant to the consecutive sentencing requirements of K.S.A. 21-4608 and amendments thereto, and the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure." K.S.A. 1999 Supp. 21-4603d(a)(11); see L. 1999, ch. 164, § 13.

The Legislature thus gave the district courts the power to impose a new sentence of imprisonment for felons such as Vaughn, "pursuant to the consecutive sentencing requirements of K.S.A. 21-4608" (now K.S.A. 2019 Supp. 21-6606), even when the new crime of conviction otherwise presumed a nonprison sentence. That language changed stylistically in 2013 to its current language, "a new sentence may be imposed consecutively pursuant to the provisions of K.S.A. 21-6606." K.S.A. 2013 Supp. 21-6604(f)(4). Nothing the Legislature did related to the concurrent/consecutive issue, as Vaughn alleges.

The lens through which Vaughn reads K.S.A. 2019 Supp. 21-6604(f)(4) presumes that the Legislature meant to address the concurrent/consecutive issue by using the word "may." But that presumption finds no support in legislative history and invites a misreading of the statute. The issue this statute addresses is whether the court has the

16

authority to sentence offenders such as Vaughn to prison for a new felony presumed to be a nonprison sentence. This statute gives the court the ability to impose a new prison sentence for such felons, but only consecutively, in accordance with the requirements of K.S.A. 2019 Supp. 21-6606(d). A district court sentencing a defendant for a new felony committed while on felony bond under that subsection may impose a nonprison sanction or may impose a prison sanction even though the new crime of conviction otherwise presumes a nonprison sentence. K.S.A. 2019 Supp. 21-6604(f)(4). In either event, the sentence must be consecutive, unless the defendant shows manifest injustice. K.S.A. 2019 Supp. 21-6606(d); K.S.A. 2019 Supp. 21-6819(a).

We find it unnecessary to address the alternative analysis raised by the parties and addressed in our other cases which have decided this issue adversely to Vaughn's position. See, e.g., *State v. Al-Bureni*, No. 119,274, 2019 WL 985979, at * 4 (Kan. App.) (unpublished opinion) (finding no conflict between these statutes because the language in K.S.A. 2017 Supp. 21-6604[f][4] is broader than in K.S.A. 2017 Supp. 21-6606[d] and the more specific statute controls), *rev. denied* 310 Kan. 1063 (2019).

The district court correctly ruled that because Vaughn failed to show manifest injustice, Vaughn's sentence must be consecutive.

*Error in Journal Entry*

Finally, as the State points out, the journal entry erroneously states that the district court applied Special Rule 9: "Crime Committed While Incarcerated, on Probation, Parole, Conditional Release, or Postrelease Supervision for a Felony." But the sentencing transcript reflects that the district court applied Special Rule 10 because Vaughn was on felony bond during the commission of the crime. Generally, "where the sentence announced from the bench differs from the sentence later described in the journal entry, the orally pronounced sentence controls." *Abasolo v. State*, 284 Kan. 299, 304, 160 P.3d

17

471 (2007). The State has noted its intent to prepare a nunc pro tunc journal entry to correctly reference Special Rule 10 instead of Special Rule 9, and we trust it will do so.

Affirmed.