NOT DESIGNATED FOR PUBLICATION

Nos. 123,171
123,172

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JORDAN FULLER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Finney District Court; RICKLIN PIERCE, judge. Opinion filed January 14, 2022. Sentences vacated and case remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Tomas Ellis*, assistant county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., POWELL and HURST, JJ.

BUSER, J.:  Jordan Fuller appeals from the modified sentences imposed by the district court after her probation was revoked in two Finney County criminal cases. Fuller contends that because the district court modified her original sentence in a 2018 Finney County case but did not state whether the sentence would run consecutive or concurrent to a prior Finney County criminal case, the sentence must run concurrent. Additionally, as part of the modified sentencing procedure, Fuller asserts the district court failed to order any period of postrelease supervision in either of the two Finney County cases,

1

therefore, the cases should be remanded for the district court to make the appropriate orders.

We consolidated the two Finney County criminal cases on appeal. Upon our review, we hold the district court imposed an illegal sentence in the 2018 Finney County case because it was ambiguous with respect to the time and manner in which it was to be served, contrary to K.S.A. 2020 Supp. 22-3504. Moreover, the district court also imposed illegal sentences by failing to impose a term of postrelease supervision in both of the Finney County cases. Accordingly, we vacate the sentences and remand the case for resentencing with directions.

FACTUAL AND PROCEDURAL BACKGROUND

Fuller pled no contest to unlawful possession of a controlled substance in Finney County case No. 17CR341 (2017 Finney County case). She was sentenced to 11 months' imprisonment with 12 months' postrelease supervision but granted an 18-month probation. Fuller's probation did not go well. She received multiple jail sanctions and extensions of her probation because of numerous probation violations.

In 2018, Fuller pled no contest to distribution of a controlled substance in Finney County case No. 18CR360 (2018 Finney County case). The district court sentenced her to 56 months' imprisonment with 36 months' postrelease supervision but granted her a 36-month probation. The sentence in the 2018 Finney County case was ordered to run consecutive to the sentence imposed in the prior 2017 Finney County case.

Of particular importance to this appeal, the district court also ordered Fuller's sentence in the 2018 Finney County case to run consecutive to a previously imposed sentence in Ford County case No. 17CR634 (2017 Ford County case).

2

Fuller violated her probation in the 2018 Finney County case but was granted a 36-month extension of her probation. Subsequently, Fuller admitted to additional probation violations in both Finney County cases.

The district court held a dispositional hearing on July 29, 2020. It revoked Fuller's probation and imposed lesser sentences in both Finney County cases, ordering Fuller to serve 25 months' imprisonment in the 2018 Finney County case with a consecutive sentence of 5 months' imprisonment in the 2017 Finney County case. However, the district court did not advise whether those sentences were to run concurrent with or consecutive to Fuller's 2017 Ford County case. Additionally, the district court did not indicate whether it was ordering any postrelease supervision as part of the two Finney County sentences.

Later, in its written sentencing journal entries, the district court stated the following. First, it ordered the 2018 Finney County modified sentence to run consecutive to the 2017 Finney County modified sentence, and the court indicated that the 2018 Finney County modified sentence was also to run consecutive to the 2017 Ford County sentence. Additionally, the district court indicated it had ordered 36 months' postrelease supervision. Second, in the journal entry relating to the 2017 Finney County case, the district court did not indicate how that sentence was to run with reference to any other sentence. Additionally, the district court indicated it had ordered 12 months' postrelease supervision.

After the journal entries were filed, Fuller moved the district court to amend the 2018 Finney County journal entry to order both Finney County sentences to run concurrent with the Ford County sentence. Defense counsel explained that he had mistakenly approved the journal entry. In the motion, defense counsel acknowledged that K.S.A. 2020 Supp. 21-6606(d) required consecutive sentences when a person is convicted and sentenced for a crime committed while on release for a felony. However,

3

defense counsel noted that K.S.A. 2020 Supp. 21-6604(f)(4) simply provided that under the same circumstances a new sentence *may* be imposed consecutively. Given this conflict, defense counsel argued that concurrent sentences were in order.

Defense counsel also asserted that when the district court modified the sentence in the 2018 Finney County case it constituted a new sentence. Because the district court made no reference to the 2017 Ford County case, the court's silence amounted to an order to run the modified sentence in the 2018 Finney County case concurrent with the 2017 Ford County case. Defense counsel did acknowledge, however, that the district court implicitly ran both modified Finney County sentences consecutive to one another.

Because the State was unwilling to file a nunc pro tunc order correcting what Fuller asserted was an error in the modified sentence, defense counsel filed the motion to correct the journal entry. A hearing on the motion was held on July 29, 2020. Following arguments, the district judge explained:

> "I'm going to rule that Judge Quint ruled that this case [2018 Finney County case] was consecutive to the [2017 Ford County case], and he had done so in his original sentencing, and that I did not modify that sentence in any way. So it's still in force and effect. . . .
>
>         . . . .
>
>         "And one other thing we need to put in here is that I've—I would like to rule that the—the fact that one of my rulings would be that it is mandatory, even before the [*State v.*] *Vaughn*[, 58 Kan. App. 2d 585, 472 P.3d 1139 (2020),] case, this court has always believed that if you commit a crime while you are on felony bond, that it is consecutive to the crime that was—you were on felony bond. So that has always been my decision, and that was a reason why I think Judge Quint ruled that it's mandatory consecutive and I'm ruling it's mandatory consecutive. So that's another ground[] for what my ruling is."

Of note, at the hearing, Fuller did not object to and the district court did not rule on the items in the journal entries indicating that at the probation revocation hearing the

4

district court had reimposed the previously ordered 36 months' postrelease supervision in the 2018 Finney County Case and 12 months' postrelease supervision in the 2017 Finney County case.

Fuller timely appeals.

MODIFICATION OF SENTENCE AFTER REVOCATION OF PROBATION

We begin the analysis with our standard of review. The issues on appeal raise claims that Fuller has been sentenced illegally under K.S.A. 2020 Supp. 22-3504(a). Whether a sentence is illegal within the meaning of K.S.A. 2020 Supp. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Similarly, to the extent that resolution of this issue requires statutory interpretation, an appellate court has unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

On appeal, Fuller frames the question to be decided: "This issue concerns only the consecutive running of the sentences from [the 2018] Finney County [case] and [the 2017] Ford County [case]." Fuller contends the district court's silence at the revocation hearing as to whether her 2018 Finney County case sentence would run concurrent with or consecutive to her 2017 Ford County case sentence requires the sentences to run concurrent.

In response, the State argues that Fuller's sentences are required to be served consecutively based on the special sentencing rule set forth in K.S.A. 2020 Supp. 21-6606(d).

Fuller counters that sentencing under K.S.A. 2020 Supp. 22-3716(c)(1)(C) is not subject to the same requirements as the revised Kansas Sentencing Guidelines Act

5

(KSGA), K.S.A. 2020 Supp. 21-6801 et seq. See *State v. Jones*, 56 Kan. App. 2d 556, 565-66, 433 P.3d 193 (2018) (imposition of lesser sentence upon probation revocation not subject to sentencing requirements of KSGA). In short, in Fuller's view, the district court's authority to impose "any lesser sentence" nullifies the special sentencing rule where, as here, the district court was silent on whether the 2018 Finney County case sentence was to run concurrent with or consecutive to the sentence in the 2017 Ford County case.

The relevant facts are uncontroverted. First, when Fuller was originally sentenced by Judge Michael Quint in the 2018 Finney County case, the judge sentenced her under Special Rule 10—see K.S.A. 2020 Supp. 21-6606(d)—because the current crime was committed while Fuller was on felony bond in Ford County. This resulted in the sentence in the 2018 Finney County case running consecutive to the 2017 Ford County case by operation of law.

Second, upon the subsequent revocation of Fuller's probation in both Finney County cases, the district court modified both sentences by reducing the length of each sentence so that combined, the sentences were reduced from a total of 67 months to 30 months. See K.S.A. 2020 Supp. 22-3716(c)(1)(C).

Third, at the revocation hearing, the district court imposed separate sentences of imprisonment for different crimes on the same date and these two Finney County sentences were for crimes for which the original sentences were revoked. See K.S.A. 2020 Supp. 21-6606(a).

Fourth, when reducing the two Finney County sentences after revocation of Fuller's probations, the district court was silent regarding the manner the sentences imposed were to be served with regard to the 2017 Ford County case sentence.

Fifth, at a later hearing after sentencing, the district court clarified that it did not intend to modify the consecutive sentence imposed by Judge Quint because it "believed that if you commit a crime while you are on felony bond, that it is consecutive to the crime that was—you were on felony bond."

Next, we consider the relevant law applicable to these facts. K.S.A. 2020 Supp. 22-3716(c)(1) provides:

> "(c)(1)Except as otherwise provided, if the original crime of conviction was a felony other than a felony specified in K.S.A. 2020 Supp. 21-6804(i), and amendments thereto, and a violation is established, the court may impose the following sanctions:
> . . . .
> (C) if the violator already had a sanction imposed pursuant to subsection (c)(1)(B) related to the crime for which the original supervision was imposed, revocation of the probation, assignment to a community corrections services program, suspension of sentence or nonprison sanction and requiring such violator to serve the sentence imposed, or any lesser sentence and, if imposition of sentence was suspended, imposition of any sentence that might originally have been imposed."

In Fuller's view, K.S.A. 2020 Supp. 22-3716(c)(1)(C) is a "self-contained sentencing statute" for which the KSGA does not apply when sentencing anew after revocation of probation. Fuller poses the question: "The issue on this appeal is what to do when the district court sentences anew but remains silent on how those new sentences run, consecutively or concurrently, with respect to sentences from other counties that were *previously* ordered to run consecutively."

Fuller then answers the question:

> "To begin, K.S.A. 22-3716(c)(1)(C) sets no limits on what makes up 'any lesser sentence.' K.S.A. 22-3716(c)(1)(C) does not expressly prohibit 'any lesser sentence' from

changing the running of sentences from other counties from consecutive to concurrent. In fact, based on its plain language, that statutory provision may even allow it.

"But that possible allowance does not matter. Because K.S.A. 22-3716(c)(1)(C) neither expressly prohibits nor expressly allows, upon sentencing anew, the changing of previously imposed consecutive sentences from other counties to concurrent sentences, the district court has the authority to do just that—modify *previously* imposed consecutive sentences from other counties to concurrent sentences."

Moreover, Fuller notes that "[a]t common law, 'judges had complete discretion to order sentences to be served concurrently or consecutively in all cases, with the default being concurrent,' meaning that silence equates to concurrent" sentences.

There are several problems with Fuller's argument. First, Fuller does not favor us with any on-point precedent in support of his novel approach. Second, the caselaw Fuller cites is either distinguishable or supports the opposite view. For example, Fuller's reliance on *Jones* is misplaced since *Jones* dealt with postrelease supervision periods not mandatory consecutive sentencing.

Third, while Fuller focuses his argument on the self-contained sentencing statute, K.S.A. 2020 Supp. 22-3716(c)(1)(C), he does not account for the first four words that comprise the preface to that statute: "Except as otherwise provided." Under the circumstances of this appeal, consecutive sentences *are otherwise provided* in K.S.A. 2020 Supp. 21-6606(a) and (d):

"(a) When separate sentences of imprisonment for different crimes are imposed on a defendant on the same date, including sentences for crimes for which suspended sentences, probation or assignment to a community correctional services program have been revoked, such sentences shall run concurrently or consecutively as the court directs. *Whenever the record is silent as to the manner in which two or more sentences imposed*

8

*at the same time shall be served, they shall be served concurrently, except as otherwise provided in subsections (c), (d) and (e).*

. . . .

"(d) Any person who is convicted and sentenced for a crime committed while on release for a felony pursuant to article 28 of chapter 22 of the Kansas Statutes Annotated, and amendments thereto, *shall serve the sentence consecutively to the term or terms under which the person was released*." (Emphases added.)

In the case on appeal, Fuller was sentenced anew on two separate Finney County cases for different crimes following the revocation of her probation in both cases. Moreover, as anticipated by K.S.A. 2020 Supp. 21-6606(a), the record was silent regarding whether the sentences imposed were to be served concurrently or consecutively. As Fuller points out, generally this silence at time of sentencing would provide for imposition of concurrent sentences. See *State v. Royse*, 252 Kan. 394, 397-98, 845 P.2d 44 (1993) (because sentencing court failed to state whether sentences were to run concurrent or consecutive, they must run concurrent).

However, under the circumstances of this appeal, the general rule stated in *Royse* is not applicable. That is because consecutive sentences are statutorily mandated as "otherwise provided," under K.S.A. 2020 Supp. 21-6606(a), given that Fuller was convicted in the 2018 Finney County case while on felony bond in the 2017 Ford County case, and the record of sentencing was silent on how the modified sentence was to run. See *State v. Edwards*, 252 Kan. 860, 869, 852 P.2d 98 (1993) (interpreting the last sentence of K.S.A. 1992 Supp. 21-4608[1], the predecessor to K.S.A. 2020 Supp. 21-6606[a]: "The last sentence . . . which states 'except as provided in subsections (3), (4), and (5)' [now (b), (c), and (d)] applies only when the record is silent as to whether the sentences are to run concurrently or consecutively."); see also *State v. Dunham*, 58 Kan. App. 2d 519, 522, 472 P.3d 604 (2020) (same); *State v. Vaughn*, 58 Kan. App. 2d 585, 590, 472 P.3d 119 (2020) (same).

K.S.A. 2020 Supp. 22-3716(c)(1)(C) incorporates the statutory consecutive sentencing mandate of K.S.A. 2020 Supp. 21-6606(a) and (d) when it prefaces its statutory language by stating "[e]xcept as otherwise provided." It is apparent that the district court's silence under these circumstances provided the predicate for requiring the modified sentence in the 2018 Finney County case to run consecutive to the sentence in the 2017 Ford County case by operation of law.

Is the sentence imposed in the 2018 Finney County case an illegal sentence under K.S.A. 2020 Supp. 22-3504(c)(1)? That statute defines an illegal sentence as a sentence "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; *or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced*." (Emphasis added.) K.S.A. 2020 Supp. 22-3504(c)(1).

We are persuaded that the 2018 Finney County case modified sentence is violative of K.S.A. 2020 Supp. 22-3504(c)(1) because the district court's silence is ambiguous regarding whether the sentence must be served concurrent with or consecutive to the 2017 Ford County case. As we have discussed, given the interplay of K.S.A. 2020 Supp. 22-3716(c)(1)(C) with K.S.A. 2020 Supp. 21-6606(a) and (d), when Fuller was sentenced anew the 2018 Finney County case sentence was required by operation of law to run consecutive to the 2017 Ford County case sentence. Yet, by the district court's silence, that consecutive sentence was not pronounced by the district court at the time of sentencing. Ambiguity is the result, which requires that the 2018 Finney County case sentence be vacated, and the case is remanded to the district court for resentencing.

Moreover, as discussed in the next section, the district court did not sentence Fuller to any postrelease supervision period in either the 2017 or 2018 Finney County cases. Accordingly, on this basis alone, both sentences do not conform to the applicable statutory provision, either in character or punishment. Under the plain language of K.S.A.

10

2020 Supp. 22-3504(c)(1) both Finney County sentences are, therefore, illegal sentences. Upon this separate finding, both sentences are vacated, and the case is remanded to the district court for resentencing.

Finally, we note that Fuller is not appealing that, at the time of the modified sentencing, the district court did not specifically order whether the two Finney County sentences were to run concurrent with or consecutive to one another. However, as conceded by Fuller in the district court, the court implied that those two sentences were to run consecutive. Our review of the record reveals that the district court did not make an explicit order of consecutive sentences regarding these two Finney County cases. Upon remand, the district court should clarify this matter.

MODIFICATION OF THE POSTRELEASE SUPERVISION PERIOD

As mentioned earlier, at the revocation hearing, the district court did not sentence Fuller to any postrelease supervision period in either the 2018 or 2017 Finney County case. However, the journal entry stated that the district court sentenced Fuller in the 2018 Finney County case to a 36-month period of postrelease supervision, and in the 2017 Finney County case, the journal entry indicated the court imposed a 12-month period of postrelease supervision.

For the first time on appeal, Fuller requests that the postrelease supervision periods stated in the respective journal entries be vacated and the cases remanded for the district court to order new postrelease supervision periods. The State generally concurs with this approach.

Although a specific period of postrelease supervision is a mandatory component of KSGA sentences, our Supreme Court has held when sentencing anew under K.S.A. 2020 Supp. 22-3716(c)(1)(C), the same postrelease period required by the KSGA is not

11

mandatory as "any lesser sentence" may include a lesser period of postrelease supervision. See *State v. Roth*, 308 Kan. 970, 972, 424 P.3d 529 (2018). Yet, Fuller candidly concedes that K.S.A. 2020 Supp. 22-3716(f) requires some period of postrelease supervision be imposed given the district court's revocation of probation and imposition of a prison sentence. When sentencing anew under K.S.A. 2020 Supp. 22-3716(c)(1)(C), the term of postrelease supervision must be announced at sentencing. See *Jones*, 56 Kan. App. 2d at 565-66.

Accordingly, we vacate the postrelease supervision periods as memorialized in the 2017 and 2018 Finney County journal entries. We remand this case to the district court for resentencing with instructions to pronounce an appropriate period of postrelease supervision. See *State v. Thomas*, No. 122,518, 2020 WL 6930601, at *2 (Kan. App. 2020) (unpublished opinion) (under K.S.A. 2018 Supp. 22-3716[f], district court errs when it fails to impose required postrelease supervision; remand is necessary for district court to impose "the amount originally ordered or any lesser amount that the district court finds to be appropriate").

The sentences for both the 2017 and 2018 Finney County cases are vacated, and the case is remanded for resentencing with directions.