NOT DESIGNATED FOR PUBLICATION

No. 123,574

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARK ANTHONY STEPHENS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; JOAN M. LOWDON, judge. Opinion filed March 4, 2022. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ISHERWOOD, P.J., GREEN and BRUNS, JJ.

PER CURIAM: Mark Anthony Stephens appeals his sentence following his convictions for robbery and theft. We granted Stephens' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2021 Kan. Ct. R. at 48). After reviewing the record, we affirm the district court in part and dismiss the remainder of the appeal.

FACTS

Stephens pled guilty to two felonies—robbery and theft—in November 2020. At sentencing, the district court found that his criminal history score was I and, as a result, this placed him in a border box on the sentencing grid. The State argued that the district court should order Stephens to serve consecutive prison sentences. In support of its request, the State pointed out that Stephens was on felony bond for two Johnson County cases at the time the current crimes were committed. In response, Stephens argued that because of his history of mental illness and drug abuse, probation would be appropriate. Stephens also argued that his convictions in this case meant that he would be facing a significantly longer sentence in the criminal cases pending against him in Johnson County.

Ultimately, the district court sentenced Stephens to a controlling sentence of 32 months' imprisonment to be served consecutive to his unresolved Johnson County cases. Thereafter, Stephens filed a timely notice of appeal.

ANALYSIS

On appeal, Stephens contends that the district court erred by sentencing him to prison and by ordering that the sentence be served consecutive to the Johnson County cases. As to the first argument, Stephens acknowledges that an appellate court is without jurisdiction to consider an appeal from a sentence entered for a felony committed on or after July 1, 1993, where the imposed sentence is within the presumptive sentence for the crime. See K.S.A. 2020 Supp. 21-6820(c)(1). Thus, because Stephens' sentence was within the presumptive range for his crimes and criminal history, we lack appellate jurisdiction to consider this issue and dismiss this part of his appeal.

Moreover, Stephens committed his crimes of conviction in this case while on felony bond on two cases in Johnson County. As a result, the district court had the authority to order that his sentence be served consecutive to the sentences in those cases. See K.S.A. 2020 Supp. 21-6606(d); *State v. Vaughn*, 58 Kan. App. 2d 585, 591, 472 P.3d 1139 (2020). Accordingly, the district court did not err when it ordered Stephens to serve his sentence consecutive to his sentences in the pending Johnson County cases.

Affirmed in part and dismissed in part.