NOT DESIGNATED FOR PUBLICATION

No. 126,420

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BOURBON SCOTT SCHARTZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Butler District Court; DAVID A. RICKE, judge. Submitted without oral argument. Opinion filed July 5, 2024. Affirmed.

*Grace E. Tran*, of Kansas Appellate Defender Office, for appellant.

*Brett Sweeney*, assistant county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., HILL, J., and MARY E. CHRISTOPHER, S.J.

PER CURIAM:  Bourbon Scott Schartz appeals from the district court's order that his sentence in this case run consecutive to his sentence in a prior case based on the application of a special sentencing rule. On appeal, Schartz contends that the prosecutor misrepresented the applicable law to the district court at his sentencing hearing. In addition, Schartz suggests that the district court did not understand that it had the discretion to sentence him to a concurrent sentence. He also argues that the district court abused its discretion in imposing a consecutive sentence in this case. For the reasons set forth in this opinion, we conclude that neither the prosecutor nor the district court erred. Thus, we affirm Schartz' sentence.

1

FACTS

On June 22, 2022, the State charged Schartz with possession of methamphetamine, possession of paraphernalia with intent to distribute or manufacture, and driving while suspended. At the time, Schartz was on probation in a previous felony case. After entering into a plea agreement with the State, Schartz entered a plea of no contest to one count of felony possession of drug paraphernalia with intent to distribute or manufacture. As part of the agreement, the State agreed to dismiss the other two counts in exchange for Schartz' plea and to recommend that the district court impose the standard midrange sentence.

At the plea hearing, Schartz and his attorney informed the district court that his client understood that a special sentencing rule applied and that, as a result, his sentence in this case would run consecutive to his sentence in his prior case. Likewise, Schartz indicated he understood that the special rule grants the district court the authority to order him to serve a prison sentence even though the guidelines sentence provides for presumptive probation for his crime of conviction. After questioning Schartz regarding his plea, the district court found him guilty of felony possession of drug paraphernalia and dismissed the other two charges filed against him.

At the sentencing hearing, the parties agreed that Schartz had a criminal history classification of E, and it was acknowledged that under normal circumstances this would have been a presumptive probation case. But the State noted that a special rule applied because Schartz was on felony probation at the time he committed his crime of conviction in this case. This special rule—which is set out in K.S.A. 21-6606(c)— provides that when a defendant commits a crime while on felony probation, the defendant's sentence is required to run consecutive to the term or terms under which the person was on probation. Further, the State noted that another special sentencing rule— based on the statutory authority set forth in K.S.A. 21-6604(f)(1)—gives a district court

2

the discretion to impose a prison sentence even though presumptive probation might otherwise apply.

The State also advised the district court that Schartz' probation in his previous felony case had recently been revoked. As a result, he had been ordered to serve a modified sentence of 15 months in prison. Consequently, the State argued that "it's probably going to be pretty difficult for him to complete probation successfully in this case if he's got 15 months Department of Corrections time hanging over his head in the [previous] case."

A review of the record on appeal reveals that Schartz did not ask for a downward durational departure. Instead, Schartz' attorney requested that the standard midrange prison sentence of 20 months be imposed. He also told the district court that Schartz understood that his sentence would be imposed consecutive to the sentence in his previous case. Nevertheless, Schartz' attorney requested that his client be placed on probation in this case notwithstanding the revocation of his probation in the prior case.

When given the opportunity to make a statement before sentencing, Schartz also asked for the opportunity to be placed on probation in this case. At no time did Schartz or his attorney argue that imposition of consecutive sentences would result in a manifest injustice nor did they assert an exception to the application of the statutory sentencing rules. When asked for its input on whether Schartz should be placed on probation in this case, the State indicated that it would "just stay silent on the matter."

Before sentencing Schartz, the district court pointed out that the presentence investigation (PSI) report revealed that he had several other pending cases. Reading from the PSI report, the district court expressly pointed to pending charges for criminal use of explosive, aggravated assault, forgery, interference with law enforcement, and driving while suspended. Even so, the district court acknowledged that Schartz had not been

3

convicted of any of the pending charges at that point in time. The district court also referred to the special rules that were applicable in this case.

Ultimately, the district court imposed a mitigated sentence of 18 months imprisonment to be to run consecutive to Schartz' sentence in his prior case. After noting the revocation of Schartz' probation as well as his incarceration in prison in the previous case, the district court applied a special sentencing rule and denied Schartz' request for probation. The district court also ordered postrelease supervision for a period of 12 months.

Thereafter, Schartz timely filed a notice of appeal.

ANALYSIS

In this appeal, Schartz raises two issues relating to the imposition of his sentence. First, Schartz contends that the prosecution erred by misstating the law at the sentencing hearing. Second, he contends that the district court abused its discretion in sentencing him to a consecutive sentence. In particular, he argues that the district court did not understand that it had the authority under the Revised Kansas Sentencing Guidelines Act to order concurrent sentences. The State responds by asserting that it did not commit prosecutorial error at the sentencing hearing and that the district court appropriately applied the law in sentencing Schartz to a consecutive sentence in this case.

*Claim of Prosecutorial Error*

In his brief, Schartz argues that the State committed prosecutorial error by pointing to the special rule under K.S.A. 21-6606(c) without also advising it of the exception to the special rule under K.S.A. 21-6819(a). Although Schartz acknowledges that he did not object to this alleged error at the sentencing hearing, we have appellate

4

jurisdiction to review a claim of prosecutorial error regardless of whether it is preserved by the assertion of a timely objection. See *State v. Bodine*, 313 Kan. 378, 406, 486 P.3d 551 (2021). In contrast, we do not review alleged prosecutorial error based on evidentiary issues absent a contemporaneous objection. See *State v. Lowery*, 308 Kan. 1183, 1195-96, 427 P.3d 865 (2018).

Here, the alleged misstatement of law was made by the prosecutor to the district court at the sentencing hearing and not to a jury. Even so, Kansas appellate courts have found that a claim of prosecutorial error arising out of an alleged misstatement made at a sentencing hearing is reviewable. *State v. Wilson*, 309 Kan. 67, 68, 431 P.3d 841 (2018); see *State v. Abbott*, No. 123,411, 2021 WL 6141105, at *2-3 (Kan. App. 2021) (unpublished opinion) (reviewing assertion for the first time on appeal that prosecutor misstated the law and argued facts not in evidence at resentencing hearing). Accordingly, we will consider the substance of Schartz' argument on appeal even though he failed to assert a contemporaneous objection at the sentencing hearing.

It is important to recognize that prosecutors generally have wide latitude when making arguments. *State v. Sherman*, 305 Kan. 88, 109, 378 P.3d 1060 (2016). As set out in *Sherman*, we apply a two-part analysis in determining whether an alleged erroneous statement by a prosecutor is reversible. See *Wilson*, 309 Kan. at 77. Under this framework, we first determine "'whether the prosecutorial acts complained of fall outside the wide latitude afforded prosecutors to conduct the State's case and attempt to obtain a conviction in a manner that does not offend the defendant's constitutional right to a fair trial.'" *Wilson*, 309 Kan. at 74 (quoting *Sherman*, 305 Kan. at 109).

If we find that a prosecutor's statements fall outside the wide latitude given, then we turn to the question of whether the error prejudiced the defendant's right to a fair hearing. 309 Kan. at 74. When error is found, the State has the burden to establish beyond a reasonable doubt that it was harmless. This standard is met if the State persuades us that

5

there is no reasonable possibility that the error contributed to the outcome. *State v. Ross*, 310 Kan. 216, 221, 445 P.3d 726 (2019).

A review of the record in this case reveals that the State correctly noted at the sentencing hearing that the "special rule" found in K.S.A. 21-6606(c) applied to Schartz' case because he was on felony probation at the time he committed his crime of conviction in this case. Specifically, K.S.A. 21-6606(c) provides:

> "Any person who is convicted and *sentenced for a crime committed while on probation,* assigned to a community correctional services program, on parole, on conditional release or on postrelease supervision *for a felony shall serve the sentence consecutively to the term or terms under which the person was on probation*, assigned to a community correctional services program or on parole or conditional release." (Emphases added.)

Although K.S.A. 21-6819(a) provides an exception to K.S.A. 21-6606(c) upon a showing of "manifest injustice," at no time did Schartz suggest to the district court that the exception to the applicable special rule should be applied. The State never represented to the district court that there were no exceptions to the special rule. Moreover, Schartz did not attempt to assert "manifest injustice," nor did he make any argument on which one could conclude that he would suffer such an injustice if the special rule was applied. Likewise, Schartz has not attempted to show manifest injustice in his brief on appeal.

Kansas appellate courts have consistently held that the special rule set forth in K.S.A. 21-6606(c)—and previous versions of that statute—is a mandatory sentencing provision. See *State v. Hall*, 287 Kan. 139, 155, 195 P.3d 220 (2008); *Love v. State*, 280 Kan. 553, 558, 124 P.3d 32 (2005); *State v. Vaughn*, 58 Kan. App. 2d 585, 591, 472 P.3d 1139 (2020); *Muir v. Bruce*, 28 Kan. App. 2d 482, 485, 18 P.3d 247 (2001); *Frost v. Norwood*, No. 119,975, 2019 WL 1499156, at *3 (Kan. App.) (unpublished opinion), *rev. denied* 310 Kan. 1061 (2019). We agree with the rationale of these opinions and note that

the plain language of the statute makes the special rule mandatory unless a defendant can show that its application would result in manifest injustice. Accordingly, we conclude that the State did not misstate the applicable law by correctly pointing the district court to the special sentencing rule under K.S.A. 21-6606(c).

In summary, Schartz failed to raise this issue below, and on appeal he has not attempted to show that the imposition of the mandatory special sentencing rule set forth in K.S.A. 21-6606(c) imposes a manifest injustice. Significantly, "manifest injustice" means "'obviously unfair and shock[ing to] the conscience of the court.'" *State v. Young*, 313 Kan. 724, 739, 490 P.3d 1183 (2021) (quoting *State v. Cramer*, 17 Kan. App. 2d 623, Syl. ¶ 5, 841 P.2d 1111 [1992]). In fact, Schartz agreed at the sentencing hearing that the special sentencing rule set forth in K.S.A. 21-6606(c) applied to his case. He made no argument to the district court nor does he make an argument to this court that his sentence was unfair or shocking under the circumstances presented. Consequently, we find no prosecutorial error.

*Abuse of Discretion Claim*

Next, Schartz contends that the district court abused its discretion in sentencing him to a consecutive sentence. In particular, he argues that the district court did not understand its sentencing authority. Once again, Schartz acknowledges that he did not object to his sentence at the hearing. Still, he argues that this issue may properly be addressed for the first time on appeal because it involves a pure question of law. See *State v. Warren*, 297 Kan. 881, 886, 304 P.3d 1288 (2013).

We are not required to consider an issue raised for the first time on appeal. See *State v. Genson*, 316 Kan. 130, 135, 513 P.3d 1192 (2022). But we recognize certain prudential exceptions to the general rule, including where: (1) a new issue involving only a question of law arising out of proved or admitted facts; (2) it is necessary for a new

7

issue to be resolved to serve the ends of justice or prevent the denial of a party's fundamental rights; or (3) a new issue provides a basis for affirming the district court's decision. *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021). Here, we find that none of these exceptions apply.

Despite Schartz' argument that this new issue presents a pure question of law that is finally determinative of the case, his allegation that the district court did not understand its sentencing authority involves a factual determination. Likewise, even if Schartz was able to persuade us that the district court abused its discretion, the remedy is remand for resentencing. So, the resolution of this new issue would require additional proceedings and inherently would not be finally determinative of the case. Consequently, we decline Schartz' invitation to consider this issue for the first time on appeal.

Affirmed.