(263 P.3d 863)

No. 104,654

STATE OF KANSAS, *Appellee*, v. DAGOBERTO BENAVIDES, *Appellant*.

Opinion filed September 23, 2011.

*Ryan Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Brandon L. Jones*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREENE, C.J., MALONE and BRUNS, JJ.

MALONE, J.: Dagoberto Benavides appeals the district court's summary denial of his motion to withdraw his 1994 guilty plea to attempted sale of marijuana. The district court ruled the motion was barred by the 1-year statute of limitations at K.S.A. 2010 Supp. 22-3210(e)(1), which became effective on April 16, 2009. L. 2009, ch. 61, sec. 1. We hold the 1-year statute of limitations at K.S.A. 2010 Supp. 22-3210(e)(1) begins to run for preexisting claims on the date the amended statute became effective. Because Benavides filed his motion on January 28, 2010, the district court erred in denying the motion based upon the statute of limitations.

The facts are undisputed. In 1994, Benavides pled guilty to attempted sale of marijuana. He was sentenced to, and successfully completed, 24 months' probation. On January 28, 2010, Benavides filed a pro se pleading entitled "Petition for Writ of Error Coram

Nobis and Motion to Vacate Judgments and Withdraw Pleas." In the petition, Benavides claimed he was being detained by the Department of Homeland Security and faced deportation based on his 1994 conviction. Benavides sought to withdraw his guilty plea and vacate the 1994 judgment because he claimed his trial counsel had not advised him of any risk of deportation stemming from his plea agreement. After receiving the petition, the district court appointed counsel to represent Benavides and scheduled the petition for a hearing on April 27, 2010.

On the day of the hearing, Benavides' counsel filed a separate motion to withdraw plea and vacate judgment, seeking the same relief that Benavides had requested in his pro se pleading. The motion cited *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010), which held that legal counsel's performance was constitutionally deficient where counsel had failed to advise a defendant in a criminal case that his guilty plea made him subject to automatic deportation. At the hearing, the State argued that Benavides' motion was barred by the recently enacted 1-year statute of limitations at K.S.A. 2010 Supp. 22-3210(e)(1). Benavides responded that he did not believe the new statutory provision could be applied retroactively to his case. After hearing arguments of counsel, the district court denied Benavides' motion to withdraw his guilty plea on the sole ground that the motion was filed more than 1 year after his conviction became final and, thus, the motion was untimely under K.S.A. 2010 Supp. 22-3210(e)(1). Benavides timely appealed.

On appeal, Benavides claims the district court erred by denying his motion to withdraw his guilty plea. Specifically, Benavides argues that the district court erred by not allowing his counsel more time to prepare for the hearing. Benavides argues that because his counsel did not have extra time to prepare, he was not given "an opportunity to sustain [his] burden" of proving manifest injustice to withdraw his plea. The State responds by arguing that Benavides' motion to withdraw his plea was not timely filed and was correctly dismissed by the district court.

We must first consider whether the district court erred in determining Benavides' motion was untimely under K.S.A. 2010

Supp. 22-3210(e). Interpretation of a statute is a question of law over which an appellate court has unlimited review. *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010).

K.S.A. 2010 Supp. 22-3210(d) governs motions to withdraw pleas and provides as follows:

"(1) A plea of guilty or *nolo contendere*, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged.

"(2) To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea."

Benavides' motion sought to withdraw his guilty plea after sentencing, which will only be granted by a court to correct manifest injustice. In 2009, the legislature enacted a new 1-year statute of limitations for filing motions to withdraw pleas after sentencing. K.S.A. 2010 Supp. 22-3210(e), which became effective April 16, 2009, provides:

"(1) Any action under subsection (d)(2) must be brought within one year of: (A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition.

"(2) The time limitation herein may be extended by the court only upon an additional, affirmative showing of excusable neglect by the defendant."

Although not specifically addressed by the district court, the real question in this case is how K.S.A. 2010 Supp. 22-3210(e) should be applied to Benavides' preexisting claim. There is no language in the statute indicating whether the legislature intended the amendment to apply prospectively or retroactively. As a general rule, a statute operates prospectively unless its language clearly indicates the legislature intended it to operate retroactively. *Owen Lumber Co. v. Chartrand*, 276 Kan. 218, 220, 73 P.3d 753 (2003). An exception to this rule has been recognized where a statutory change is procedural or remedial in nature and does not prejudice the parties' substantive rights. *State v. Martin*, 270 Kan. 603, 609, 17 P.3d 344 (2001). Procedural statutes generally concern the manner and order of conducting lawsuits, while substantive statutes establish the rights and duties of the parties. If an amendment to a procedural statute does not prejudice the substantive rights of a

party, all actions generally will be subject to the new procedure whenever they accrued or were instituted. *In re Tax Grievance Application of Kaul,* 269 Kan. 181, 184, 4 P.3d 1170 (2000).

There is no Kansas case which addresses how K.S.A. 2010 Supp. 22-3210(e) should be applied to preexisting claims. However, we can examine a similar legislative effort to impose time limitations on postconviction motions in order to ascertain how K.S.A. 2010 Supp. 22-3210(e) should be applied to Benavides' case. In 2003, the Kansas Legislature amended K.S.A. 60-1507, adding a new 1-year statute of limitations for filing a motion under the statute. L. 2003, ch. 65, sec. 1. This limitation provision is codified at K.S.A. 60-1507(f), and became effective on July 1, 2003. In fact, the language of K.S.A. 2010 Supp. 22-3210(e) establishing a 1-year statute of limitations for filing motions to withdraw pleas after sentencing mirrors the language of K.S.A. 60-1507(f).

The new limitation provision at K.S.A. 60-1507(f) did not specify how it was to be applied to preexisting claims. This issue was resolved in *Hayes v. State,* 34 Kan. App. 2d 157, 115 P.3d 162 (2005). In *Hayes,* the defendant was convicted of first-degree murder, aggravated robbery, and conspiracy to commit robbery in 1995. In November 2003, the defendant filed a pro se K.S.A. 60-1507 motion, seeking to overturn his convictions on numerous grounds. The district court determined the motion was untimely under K.S.A. 60-1507(f) because the motion was not filed within 1 year of the final order of the Kansas Supreme Court affirming the defendant's convictions. 34 Kan. App. 2d at 158.

On appeal, this court determined that a reasonable time period must be granted after the implementation of a statute of limitations for individuals to bring preexisting claims. 34 Kan. App. 2d at 161. Accordingly, this court held that the 1-year statute of limitations at K.S.A. 60-1507(f) begins to run for preexisting claims on the date the amended statute became effective. 34 Kan. App. 2d at 161-62. Because the amended statute became effective on July 1, 2003, and the defendant filed his motion within the 1-year "grace period" in November 2003, this court reversed the dismissal of the defendant's motion and remanded the matter for further proceedings. 34 Kan. App. 2d at 162. The holding in *Hayes* was subse-

quently approved by the Kansas Supreme Court in *Tolen v. State*, 285 Kan. 672, Syl. ¶ 4, 176 P.3d 170 (2008).

*Hayes* relied, in part, on *Peters v. Kansas Parole Board*, 22 Kan. App. 2d 175, 915 P.2d 784 (1996), which addressed a 1994 amendment to K.S.A. 60-1501, adding a 30-day deadline after exhaustion of administrative remedies for an inmate to file for habeas corpus relief in district court. L. 1994, ch. 227, sec. 3. The new provision became effective on July 1, 1994. In *Peters*, an inmate filed a petition for writ of habeas corpus pursuant to K.S.A. 60-1501 on August 8, 1994. The inmate claimed he was wrongfully denied parole by the Kansas Parole Board (KPB), whose administrative decision became final on June 10, 1994. The KPB filed a motion to dismiss the petition as untimely. The district court agreed and dismissed the petition because it was not filed within 30 days of the final action by the KPB. 22 Kan. App. 2d at 177.

On appeal, this court concluded that for preexisting claims, the 30-day limitation period began to run on the date the amended statute became effective. Thus, for a cause of action under K.S.A. 60-1501 that accrued prior to July 1, 1994, but had not yet been filed by that date, a petition for writ of habeas corpus would not become time barred until 30 days after July 1, 1994. However, because the inmate's petition was filed beyond that date, this court affirmed the dismissal of the action. 22 Kan. App. 2d at 180.

The *Hayes* court also relied on federal authority interpreting the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which imposed a 1-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court. 28 U.S.C. § 2244(d)(1) (2006). After the AEDPA's implementation, the federal courts determined that the 1-year statute of limitations could not be applied retroactively to bar habeas corpus claims of prisoners whose convictions or sentences technically became final before the effective date of the AEDPA. See, *e.g.*, *Hoggro v. Boone*, 150 F.3d 1223, 1225-26 (10th Cir. 1998); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied* 525 U.S. 891 (1998). The federal courts determined that the AEDPA's statute of limitations created in 28 U.S.C. § 2244 did not bar federal habeas corpus petitions filed within 1 year after April 24, 1996, the effective date of the AEDPA.

See *Hoggro*, 150 F.3d at 1225-26. The courts reasoned that to apply the limitation retroactively would be entirely unfair and a severe instance of retroactivity. See, *e.g.*, *United States v. Simmonds*, 111 F.3d 737, 745 (10th Cir. 1997), *overruled on other grounds United States v. Hurst*, 322 F.3d 1256, 1261 n.4 (10th Cir. 2003). According to *Simmonds*:

"[A] new time limitation cannot be so unfairly applied to bar a suit before the claimant has had a reasonable opportunity to bring it. Indeed, the Supreme Court has explained:

'It may be properly conceded that all statutes of limitation must proceed on the idea that the party has full opportunity afforded him to try his right in the courts. A statute could not bar the existing rights of claimants without affording this opportunity; if it should attempt to do so, it would not be a statute of limitations, but an unlawful attempt to extinguish rights arbitrarily, whatever might be the purport of its provisions. It is essential that such statutes allow a reasonable time after they take effect for the commencement of suits upon existing causes of action . . . .' " 111 F.3d at 745 (citing *Texaco, Inc. v. Short*, 454 U.S. 516, 527 n.21, 102 S. Ct. 781, 70 L. Ed. 2d 738, [1982]).

In line with *Hayes* and the additional authority cited therein, we conclude that a reasonable time period must be granted for individuals to bring preexisting claims after the enactment of the 1-year statute of limitations for filing motions to withdraw pleas after sentencing. Although the time limitation in K.S.A. 2010 Supp. 22-3210(e)(1) could be considered a procedural amendment, it cannot be applied retroactively if doing so would violate an individual's substantive rights. *Cf. Kaul*, 269 Kan. at 184. Otherwise, Benavides would have been effectively barred from filing a motion to withdraw his guilty plea on the date the new 1-year limitation went into effect. This would constitute an unfair application of the new 1-year statute of limitations at K.S.A. 2010 Supp. 22-3210(e)(1). Thus, we conclude that Benavides had 1 year from the effective date of the 2009 statutory amendment to file a motion to withdraw his plea.

As previously stated, K.S.A. 2010 Supp. 22-3210(e) became effective on April 16, 2009. Thus, given a 1-year grace period, Benavides had until April 15, 2010, to file a motion to withdraw his guilty plea. Benavides filed his pro se pleading seeking to withdraw

his guilty plea on January 28, 2010. Benavides' pleading did not cite K.S.A. 22-3210 as a basis for withdrawing his plea. However, "[p]ro se pleadings are liberally construed, giving effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments. A defendant's failure to cite the correct statutory grounds for his or her claim is immaterial. [Citation omitted.]" *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010). Although the motion to withdraw plea filed by Benavides' counsel on April 27, 2010, was beyond the 1-year grace period, this motion merely sought the same relief that Benavides had requested in his pro se pleading. Benavides' pro se pleading seeking to withdraw his guilty plea was filed within the grace period. Therefore, the district court erred in denying Benavides' motion solely on the ground that it was barred by the 1-year statute of limitations under K.S.A. 2010 Supp. 22-3210(e)(1). We remand this case to district court for further proceedings. In doing so, we render no opinion whether the holding in *Padilla* applies to Benavides' claim.

Reversed and remanded.