NOT DESIGNATED FOR PUBLICATION

No. 115,938

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DANIEL V. ESTRADA,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed August 4, 2017. Affirmed.

*Michael P. Whalen* and *Krystle M.S. Dalke*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., LEBEN, J., and PATRICIA MACKE DICK, District Judge, assigned.

*Per Curiam*: Daniel V. Estrada appeals the summary denial of his K.S.A. 60-1507 motion for postconviction relief. Estrada argues the district court erred because (1) the court determined his motion was untimely despite a showing of manifest injustice and (2) the court determined his motion was successive despite a showing of exceptional circumstances. Because we find Estrada failed to establish manifest injustice to warrant review of his untimely motion, we do not address his claim of exceptional circumstances

1

justifying a successive motion. Accordingly, we affirm the district court's decision to deny Estrada's request for relief.

FACTS

In case 07 CR 1078, Estrada pled guilty to four counts of electronic solicitation, each involving a different victim. In exchange for his guilty plea, the State agreed to recommend that the district court impose the mid-range sentence in the appropriate grid box and run the sentences for each count concurrently. The State also agreed not to oppose Estrada's motion for dispositional departure to probation. A sentencing hearing was held on July 25, 2008. The district court followed the recommendations in the plea agreement by granting Estrada probation with an underlying 233-month prison sentence. The court imposed the mid-range sentence for each of the four counts and ran them concurrently.

On August 5, 2009, the district court issued a warrant alleging Estrada violated the terms and conditions of his probation by committing new crimes, including a DUI charge. On February 11, 2010, the court held Estrada's probation violation hearing in conjunction with his sentencing hearing in the DUI case. At the hearing, the district court revoked Estrada's probation and ordered him to serve the underlying prison sentence previously imposed in case 07 CR 1078, consecutive to the 90-day mandatory sentence imposed for the DUI conviction. In his direct appeal, Estrada successfully challenged the court's decision to impose a term of lifetime postrelease, and the matter was remanded to correct that error.

On June 26, 2012, Estrada wrote a letter to the district court noting that he had reviewed the State's evidence in his case and—although he pled guilty to count 1 of the complaint charging him with electronic solicitation of N.H.—he believed there was insufficient evidence in the record to support the conviction. According to Estrada, the

evidence in his case consisted of seven e-mails to three different e-mail addresses, none of which was the e-mail address of N.H., the victim identified in count 1. As such, Estrada argued the State's evidence supported only three convictions, not four, and that neither his attorney nor the prosecutor noticed the alleged evidentiary issue. Finally, Estrada stated his belief that his sentence would have been shorter if he had been convicted of only three counts.

The district court filed Estrada's letter in the underlying criminal court case, classifying it as a motion to withdraw plea. The State filed a response, arguing the district court should not consider the motion because it was untimely and Estrada failed to establish the excusable neglect required to overcome the 1-year statute of limitations for a motion to withdraw plea.

In support of its argument, the State cites to K.S.A. 2009 Supp. 22-3210, which governs the district court's consideration of motions to withdraw plea. Under K.S.A. 2009 Supp. 22-3210(d)(2), the court may set aside the judgment of conviction after sentencing and permit the defendant to withdraw plea, but only in order to correct a manifest injustice. The State notes that K.S.A. 2009 Supp. 22-3210(d)(2) was amended effective April 16, 2009, which created a new 1-year statute of limitations for filing a motion to withdraw plea after sentencing that could be overcome only by an affirmative showing of excusable neglect. K.S.A. 2009 Supp. 22-3210(e)(1). Because the newly adopted time limit cannot be retroactively imposed on preexisting cases, the State argued that Estrada only had until April 15, 2010—1 year from the April 16, 2009, effective date of the statute—to file a timely motion to withdraw plea without showing excusable neglect. See *State v. Szczygiel*, 294 Kan. 642, 644, 279 P.3d 700 (2012) (holding the 2009 provision creating the 1-year statute of limitation does not begin to run until the effective date of the amendment); *State v. Benavides*, 46 Kan. App. 2d 563, Syl. ¶ 3, 263 P.3d 863 (2011) (same). The State noted Estrada did not file his motion until July 5, 2012, which was over 2 years out of time. The court ultimately denied Estrada's motion as untimely.

Estrada mailed another letter to the district court in October 2014, making the same allegations as the previous letter: the State did not have sufficient evidence to support his conviction for electronic solicitation of N.H. as set forth in count 1 of the complaint. In this second letter, Estrada conceded he knew about the issue of alleged insufficient evidence with regard to count 1 at the time he made the plea deal but did not say anything because the plea deal "was already complete, ready for me to accept or withdraw" and his goal was to receive probation. Estrada alleged that he expressed concern to his attorney about the lack of evidence regarding his solicitation of N.H., but his attorney did not listen and, in fact, urged him to accept the plea offer so that he could obtain a sentence of probation. This second letter was filed, but there is no evidence in the record of how it was classified by the court or the clerk of the court.

On June 19, 2015, Estrada filed a motion to correct an illegal sentence. The motion presented the same underlying evidentiary issue presented twice before but framed the issue in a context of ineffective assistance of counsel. Specifically, Estrada argued he brought the issue to his counsel's attention during the sentencing hearing, but counsel lied, undermined the defense, and coerced him into accepting the plea deal against his will. The State responded, arguing Estrada was not entitled to relief under the illegal sentence statute because he was attacking not just his sentence, but his conviction as well. To the extent Estrada was seeking to withdraw his guilty plea, the State argued the district court already had considered and denied such a request for relief, rending this motion successive. And even if Estrada's claim were liberally considered to be a K.S.A. 60-1507 motion instead of a one alleging an illegal sentence, the State argued the motion was time barred. The court summarily denied relief, holding that Estrada could not collaterally attack his underlying conviction under K.S.A. 22-3504 (illegal sentence).

Estrada subsequently filed the K.S.A. 60-1507 motion that gives rise to this appeal. He made several claims related to his original allegations: his trial counsel was ineffective for misleading him into pleading guilty despite the State's alleged lack of

4

evidence to convict him of count 1; his trial counsel and the prosecutor colluded regarding the alleged lack of evidence; the district court erroneously convicted him of count 1; and his appellate counsel was ineffective for failing to raise the issue regarding count 1. With regard to the potential procedural bars to his motion, Estrada argued his claims of ineffective assistance of counsel and prosecutorial error constituted manifest injustice requiring correction, and the successive nature of the motion was justified based on exceptional circumstance in his case.

The district court summarily denied Estrada's K.S.A. 60-1507 motion:

"Defendant's efforts to seek a correction of illegal sentence in the underlying criminal cases 07CRI078 and 09CR2783 has been addressed on appeal and heavily litigated for years through successive motions, all of which has been denied. Now several years beyond the deadline the movant now attempts to relitigate the matter pursuant to K.S.A. 60-1507. He has failed to establish any grounds showing manifest [injustice] or exceptional circumstances justifying this late petition. The petition is denied."

ANALYSIS

On appeal, Estrada challenges the district court's failure to hold a hearing on his 1507 motion. The district court may summarily deny a 1507 motion when the motion, files, and records of the case conclusively show the prisoner is not entitled to relief. K.S.A. 2016 Supp. 60-1507(b). When a district court summarily denies a 1507 motion, an appellate court exercises de novo review. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

The burden is on the movant to prove his or her 1507 motion warrants an evidentiary hearing. The movant must make more than conclusory contentions and must state an evidentiary basis in support of the claims or an evidentiary basis must appear in

5

the record. If a movant satisfies that burden, the court is required to grant a hearing, unless the motion is successive and seeks similar relief. *Sola-Morales*, 300 Kan. at 881.

The State contends the court cannot consider Estrada's motion because it was untimely. Estrada was required to file his 1507 motion within 1 year of the termination of appellate jurisdiction in his case. K.S.A. 2016 Supp. 60-1507(f)(1). He did not meet that deadline. Under K.S.A. 2016 Supp. 60-1507(f)(2), the 1-year time limitation may be extended only to prevent manifest injustice, which has been interpreted to mean "obviously unfair" or "shocking to the conscience." See, *e.g.*, *Toney v. State*, 39 Kan. App. 2d 944, 946, 187 P.3d 122 (2008). Estrada appears to concede in his brief that his motion was untimely. Nevertheless, he contends the district court erred by failing to find it was necessary to consider his untimely claim in order to prevent a manifest injustice.

In support of manifest injustice, Estrada argues that of the seven e-mails used to convict him, none were addressed to N.H., the victim identified in count 1; therefore, there was no factual basis to support his conviction for electronic solicitation of N.H. But as the State explained at the sentencing hearing, it intended to prove the allegation set forth in count 1 through N.H.'s actual testimony at trial, because the messages to N.H. had been deleted. So it is not, as Estrada alleges, that the State lacked sufficient evidence to convict Estrada for electronic solicitation of N.H. Instead, the State simply did not have *documentary* evidence of the messages to N.H. because they had been deleted. Interestingly, it appears Estrada agreed to plead guilty to count 1 of the complaint alleging electronic solicitation of N.H.—at least in part—to save N.H. from having to testify. As the prosecutor explained at the hearing:

"As to Count One, he clearly knew how old the victim was; it was his stepdaughter. However, as [defense counsel] well knows, the chats themselves, with regard to that child, had been—she had deleted them, so we didn't have any actual evidence of what

6

was said. We would have had to put the child on the stand to repeat these details to either a judge or a jury, and that's not something [Estrada] wanted to do."

Using various procedural mechanisms, Estrada has raised the evidentiary issue presented in this 1507 motion at least four times. Although he repeatedly alleges there is no written documentary evidence that he solicited N.H. via e-mail, he does not dispute the State's claim that he was fully aware of the evidence that would be presented against him on count 1 if he went to trial, including N.H.'s testimony. Although Estrada makes reference in his brief to an alleged claim of actual innocence, we find no such claim in his 1507 motion for relief; instead, he claimed ineffective assistance and prosecutorial misconduct. And even if he had alleged actual innocence, Estrada still would not prevail. Actual innocence "requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2016 Supp. 60-1507(f)(2)(A). First, Estrada concedes he knew about the lack of documentary evidence at the time he was sentenced; thus, there is no new evidence. Moreover, Estrada does not dispute that he knew the State intended to call N.H. as a witness to establish the crime of electronic solicitation Estrada committed against her. From the evidence in the record, Estrada cannot prevail on a claim of actual innocence, even if one had been properly asserted.

Estrada failed to file his 1507 motion within 1 year after appellate jurisdiction terminated in his case, and he has failed to establish that consideration of his untimely motion is necessary to prevent a manifest injustice; *i.e.*, an outcome that is "obviously unfair" or "shocking to the conscience." *Toney*, 39 Kan. App. 2d at 946. Because we find Estrada failed to establish manifest injustice to warrant review of his untimely motion, we do not address his claim of exceptional circumstances justifying a successive motion.

Affirmed.

7