NOT DESIGNATED FOR PUBLICATION

No. 128,567

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MADIO TORRENCE BAYHA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; CHRISTINA DUNN GYLLENBORG, judge. Submitted without oral argument. Opinion filed June 12, 2026. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before COBLE, P.J., HURST, J., and PAULA HOFAKER, District Judge, assigned.

PER CURIAM: As part of a plea agreement, Madio Torrence Bayha pleaded guilty to aggravated battery on a law enforcement officer in Johnson County District Court. At sentencing, Bayha requested that the sentence imposed in this case run concurrent with a sentence he was serving for a Leavenworth County conviction. The district court denied his request and ordered the sentences to be served consecutively. Bayha now appeals the district court's sentence of consecutive terms of imprisonment. On review of the record, we find the district court did not err and affirm the district court's decision.

1

The details of Bayha's offense are not material to the issue raised on appeal. Essentially, the State charged Bayha with one count of aggravated battery on a law enforcement officer, to which he entered a guilty plea. Bayha negotiated an agreement with the State that he would not be required to pay restitution until he was released from prison.

At sentencing, the court noted that the presentencing investigation report classified Bayha's criminal history as an A. Neither party objected. Although Bayha personally expressed his wish to serve the sentence imposed in this case concurrent with the sentence imposed in Leavenworth County, his counsel explained to the court that a special sentencing rule applied because Bayha was on felony bond in Leavenworth County when he committed the offense in this case. Defense counsel told the court, "The Leavenworth County [case], to my understanding, was charged first. It pled first. He was sentenced there first. I believe that this case would have to be consecutive to the Leavenworth [case by operation of law]." The State concurred that a special sentencing rule required consecutive sentencing. Consequently, the court imposed a prison term of 154 months, followed by 36 months of postrelease supervision, and ordered the sentence to run consecutive to the sentence imposed in Leavenworth County because Bayha committed this offense while on felony bond. The court also imposed restitution in the amount of $1,731.88 but ordered that payments would begin after Bayha was released from prison. The court awarded Bayha 135 days of jail time credit.

Bayha has timely appealed. Other facts will be discussed as needed to resolve the issues raised on appeal.

THE DISTRICT COURT DID NOT ERR IN ORDERING BAYHA'S SENTENCE TO RUN CONSECUTIVE TO AN EXISTING SENTENCE

Bayha raises a single issue in this appeal, challenging the district court's determination that it lacked discretion to order the sentence imposed in this case to run concurrent with the sentence imposed in the Leavenworth County case. The argument, however, has three components involving the interpretation and application of various statutory provisions: (1) whether "on release" within the meaning of K.S.A. 21-6606(d) means that the defendant cannot be in custody; (2) whether a conflict exists between the sentencing provisions of K.S.A. 21-6606(d) and K.S.A. 21-6604(f)(4) that must be interpreted in Bayha's favor; and (3) whether K.S.A. 21-6819(a) demonstrates that a court possesses discretion to order concurrent sentencing.

*Jurisdiction and Preservation*

Two initial considerations bear mentioning. First, we consider our power to hear this appeal. Under K.S.A. 21-6820(c)(1), an appellate court lacks jurisdiction to review a presumptive sentence. The ordering of an otherwise presumptive sentence to run consecutive to another sentence does not constitute a departure, authorizing the appellate court to review the resulting controlling sentence. See *State v. Young*, 313 Kan. 724, 740, 490 P.3d 1183 (2021) ("Simply put, appellate courts lack jurisdiction to review a sentencing judge's decision applying K.S.A. 2020 Supp. 21-6606 and ordering a defendant to serve a consecutive sentence for a crime committed while on felony probation rather than applying K.S.A. 2020 Supp. 21-6819[a] and ordering a concurrent sentence because manifest injustice results from consecutive sentences. We thus conclude that the Court of Appeals majority correctly held it lacked jurisdiction over Young's appeal.").

3

Even so, an appellate court has jurisdiction to review a claim that the district court failed to recognize the authority it possessed under the Kansas Sentencing Guidelines Act (KSGA). See *State v. Morningstar*, 299 Kan. 1236, 1240, 329 P.3d 1093 (2014); *State v. Warren*, 297 Kan. 881, 885, 304 P.3d 1288 (2013). Because Bayha has framed his appellate challenge in terms of the district court's failure to appreciate the discretion it possessed, we have jurisdiction to review the claim.

Second, we must also consider whether an appellant's claim was preserved by raising it to the district court. Bayha contends that the issue was preserved for appellate review because he requested concurrent sentencing from the district court. We find the issue a bit more complicated than Bayha suggests. Bayha personally asked the court to run the sentence imposed in this case concurrent with the sentence he was serving in Leavenworth County. But then his defense counsel advised the court that a special sentencing rule applied because Bayha was serving a felony bond when this crime was committed, requiring consecutive sentencing.

Defense counsel's advice borders on invited error. A party cannot lead a court into error and then challenge that error on appeal. See *State v. Slusser*, 317 Kan. 174, 179, 527 P.3d 565 (2023). "Litigants are expected 'to fully present their cases to the trial court' to satisfy the preservation rule." *State v. Jackson*, No. 126,972, 2025 WL 816756, at *6 (Kan. App.) (unpublished opinion) (quoting *In re Adoption of Baby Girl G.*, 311 Kan. 798, 803, 466 P.3d 1207 [2020]), *rev. denied* 321 Kan. 792 (2025).

Neither Bayha nor his trial counsel argued that the court possessed discretion to order the sentence to run concurrent with his Leavenworth County sentence, despite the special sentencing rule. Neither Bayha nor his counsel argued, as Bayha argues on appeal, that K.S.A. 21-6606(d) did not apply because Bayha was not "'on release'" when he committed the offense in this case. Neither Bayha nor his counsel cited K.S.A. 21-6604(f)(4) for discretionary authority to impose concurrent sentencing. Neither Bayha

4

nor his counsel argued that K.S.A. 21-6819(a) authorized the district court to impose concurrent sentences when consecutive sentencing constituted a manifest injustice. Accordingly, none of the specific arguments Bayha raises in this appeal were preserved below.

Still, Bayha contends that this court may consider the issues raised on appeal for the first time because the issues meet two exceptions to the preservation rule: (1) the issues involve pure questions of law on established facts, and (2) resolution of the issue is necessary to vindicate a fundamental right or to serve the ends of justice.

The general rule is that an appellate court does not consider issues raised for the first time on appeal, even those of a constitutional dimension. *State v. Mendez*, 319 Kan. 718, 730, 559 P.3d 792 (2024). An appellant may persuade the court to consider an issue raised for the first time on appeal by arguing the application of one or more judicially recognized exceptions to the preservation rule. 319 Kan. at 730. Although Bayha has argued the applicability of two of these exceptions, appellate review remains prudential. 319 Kan. at 730-31.

Because Bayha challenges the district court's recognition of its statutory discretion, he is correct that the issue involves statutory interpretation and application— questions of law subject to unlimited appellate review. *Schoenholz v. Hinzman*, 295 Kan. 786, 791, 289 P.3d 1155 (2012); *State v. Benavides*, 46 Kan. App. 2d 563, 565, 263 P.3d 863 (2011). Accordingly, we apply this exception to review the issues Bayha raises for the first time on appeal.

Because we apply the question of law exception, we do not reach Bayha's argument that resolution of this issue is necessary to preserve a fundamental right or to serve the ends of justice.

*K.S.A. 21-6606(d) and "Release"*

Bayha first argues that the district court erred in concluding that K.S.A. 21-6606(d), dealing with multiple sentences, applied to his case because he was not "'on release'" at the time he committed the offense in this case. Our analysis necessarily begins with the text of K.S.A. 21-6606(d).

> "(d) Any person who is convicted and sentenced for a crime *committed while on release* for a felony pursuant to article 28 of chapter 22 of the Kansas Statutes Annotated, and amendments thereto, shall serve the sentence consecutively to the term or terms under which the person was released." (Emphasis added.) K.S.A. 21-6606(d).

Referenced in this statute, we note that K.S.A. 22-2801 et seq., provides parameters for conditions of release pending trial or on appeal.

In his brief, Bayha acknowledges he "remained on felony bond in Leavenworth County, despite having been taken into State custody in Johnson County." So, Bayha concedes that he was on felony bond in Leavenworth County when he was arrested in Johnson County. The record does not illuminate why Bayha was arrested and incarcerated in the Johnson County jail. But, as the State's factual basis for the plea provided, Bayha was housed in the jail when he committed the aggravated battery of a law enforcement officer as charged in this case. Bayha argues that because he was incarcerated in Johnson County when he committed the offense, he was no longer "'on release'" within the meaning of K.S.A. 21-6606(d).

But "on release" within the meaning of K.S.A. 21-6606(d) refers to pretrial bond as discussed in K.S.A. 22-2801 et seq. See *State v. Klahr*, No. 124,057, 2022 WL 3135319, at *2 (Kan. App. 2022) (unpublished opinion) ("The statute applies to defendants who are 'on release' for a felony under article 28 chapter 22. [Article 28] deals

6

with offenders who are charged with a crime and a preliminary hearing, trial, or sentencing is pending. Once a defendant is convicted and sentenced for a crime, an offender is no longer 'on release'—i.e., pretrial bond—but is not serving their sentence. At that point, the conviction is reflected in the offender's criminal history."). The legislative intent is to provide a stick to go with the carrot of pretrial bond. If a person commits another felony while released pending the disposition of a prior felony, the legislature intended for the defendant to lose any presumption of probation and to serve consecutive sentences. See K.S.A. 21-6604(f)(4); K.S.A. 21-6606(d); *Klahr*, 2022 WL 3135319, at *2 ("The intent of the Legislature is clear. Continue to be charged with felonies and you will lose your statutory probation presumption for your newer charges.").

The Kansas Supreme Court has also weighed in on the proper interpretation of K.S.A. 21-6606(d) by construing the statute's predecessor statute, K.S.A. 1984 Supp. 21-4608(4). See *State v. Reed*, 237 Kan. 685, 687-88, 703 P.2d 756 (1985). Noting that the Legislature limited the scope of K.S.A. 1984 Supp. 21-4608(4) [now K.S.A. 21-6606(d)] to persons on release under article 28 of chapter 22, the *Reed* court noted that K.S.A. 22-2801 et seq., encompassed three types of release: "(1) Release pending an appearance to answer charges; (2) release pending an appearance to testify; and (3) release pending appeal, when detention neither serves the ends of justice nor the public interest." *Reed*, 237 Kan. at 688.

But the *Reed* court's discussion of the legislative intent is compelling.

> "The above analysis of sections (3), (4), and (5) is important, because it shows a clear legislative intent to cover the waterfront and to require consecutive sentences where a defendant commits a felony *while released on bond* in a prior felony case, whether at the beginning of the prosecution prior to trial or at the end of the trial or after the defendant has been sentenced or after defendant is placed on probation or parole or conditional release or while incarcerated." (Emphasis added.) *Reed*, 237 Kan. at 688.

7

Given this legislative intent, it is the offender's status on bond at the time the new felony offense is committed that is material, not his or her physical custodial status. So long as Bayha remained on pretrial bond in the Leavenworth County case, he remained "on release" for purposes of K.S.A. 21-6606(d), even if he was incarcerated in the Johnson County jail for some other reason. Since Bayha conceded that he was on felony bond in Leavenworth County, his first statutory argument fails.

But, even if arrest and incarceration were the pivotal facts determining when a person is no longer "on release for a felony," the incarceration must necessarily relate to the felony for which bond was issued. For example, if a criminal defendant committed felonies in two jurisdictions and was placed on pretrial bond in both jurisdictions, a technical violation of the conditions of the bond in one jurisdiction leading to an arrest would not disturb the bond in the other jurisdiction without additional proceedings. Here, the record is undeveloped as to why Bayha was incarcerated in the Johnson County jail when he committed an aggravated battery against a law enforcement officer there.

As the appellant, Bayha bears the burden of designating a record that demonstrates trial error. Without an adequate record, the claim of error fails. *State v. McNeal*, 320 Kan. 818, 828, 572 P.3d 777 (2025). Bayha has not established in this appellate record that his incarceration in Johnson County related to revocation or suspension of the bond posted in Leavenworth County. As a result, this claim of error fails.

*Conflict with K.S.A. 21-6604(f)(4)*

Bayha next contends that the district court possessed discretion to order the sentence imposed in this case to run concurrent with the sentence imposed in the Leavenworth County case under the authority provided in K.S.A. 21-6604(f)(4), the statute directing authorized dispositions. He first argues that the plain language of K.S.A. 21-6604(f)(4) affords a sentencing court discretion in ordering a sentence for a crime

8

committed on felony bond. He then claims that the ambiguity created by a conflict between K.S.A. 21-6604(f)(4) and K.S.A. 21-6606(d) should be resolved using canons of construction to reconcile the two provisions. Finally, he contends the rule of lenity dictates that the sentencing court be permitted discretion to order sentences to run either concurrent or consecutive.

K.S.A. 21-6604(f) lists specific dispositions when a new crime is committed. K.S.A. 21-6604(f)(4) provides:

> "(4) When a new felony is committed while the offender is on release for a felony pursuant to the provisions of article 28 of chapter 22 of the Kansas Statutes Annotated, and amendments thereto, or similar provisions of the laws of another jurisdiction, a new sentence *may be imposed consecutively* pursuant to the provisions of K.S.A. 21-6606, and amendments thereto, and the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure." (Emphasis added.)

Bayha contends that the mandatory language found in K.S.A. 21-6606(d) conflicts with the permissive or discretionary language of K.S.A. 21-6604(f)(4). He also notes a disagreement in the appellate courts in the manner of resolving this ostensible conflict.

The primary goal in judicial construction of a statute is to implement the intent of the Legislature. If the language of the statute is plain and unambiguous, the court will give effect to the intent expressed through that language. *State v. Keys*, 315 Kan. 690, 698, 510 P.3d 706 (2022). The alleged conflict between the language of K.S.A. 21-6604(f)(4) and K.S.A. 21-6606(d) has been addressed by this court twice, arriving at different conclusions.

9

In a dissenting opinion to *State v. Cook*, No. 119,623, 2019 WL 3756087, at *10-13 (Kan. App. 2019) (unpublished opinion) (Malone, J., concurring and dissenting), Judge Malone found the language between the two statutes inconsistent and therefore ambiguous. He then applied the rule of lenity in favor of the defendant. 2019 WL 3756087, at *13. This is the approach advocated by Bayha.

After *Cook*, however, another panel of this court addressed a similar argument in *State v. Vaughn*, 58 Kan. App. 2d 585, 588-93, 472 P.3d 1139 (2020). The *Vaughn* court first examined the context of K.S.A. 21-6604(f)(4) and noted that the provision was part of the authorized dispositions after conviction under the KSGA. The court then read the discretionary language in K.S.A. 21-6604(f)(4) to apply to the imposition of a new sentence, not the ordering of the sentences.

> "The rest of subsection (f)(4) speaks to what the court may do when that introductory clause is met—'a new sentence may be imposed consecutively pursuant to the provisions of K.S.A. 2019 Supp. 21-6606.' K.S.A. 2019 Supp. 21-6604(f)(4). The meaning of the subsection becomes clearer when we read its language in the active, instead of in the passive, voice. So instead of the passive 'a new sentence may be imposed,' the active voice says, 'the court may impose a new sentence.' Logically, this means that the court may or may not impose a new prison sentence. It has the discretion to do either. 'May,' as a helping verb, works as part of the verb 'impose,' not with the adverb 'consecutively.' When construing a statute, we apply the rules of English grammar.
>
> "We move on. If the court opts to impose a new prison sentence, how does it do that? It does so 'consecutively pursuant to the provisions of K.S.A. 2019 Supp. 21-6606.' K.S.A. 2019 Supp. 21-6604(f)(4). Consecutively is an adverb, modifying the verb 'impose,' or the verb phrase 'may impose.' Read together, this clause restricts the earlier portion of the sentence: 'a new sentence may be imposed consecutively.' The rest of the subsection is written in the active voice. It states, 'the court may sentence the offender to imprisonment for the new conviction' even if the new crime is presumptive nonprison. K.S.A. 2019 Supp. 21-6604(f)(4). That language underscores that the focus of K.S.A.

10

2019 Supp. 21-6604(f)(4) is on what the court is authorized to do. This is consistent with the statute's heading, 'Authorized dispositions.'" 58 Kan. App. 2d at 589-90.

Contrary to the focus on authorized dispositions in K.S.A. 21-6604, the legislative focus of K.S.A. 21-6606 is directing the sentence a recidivist felon must serve. K.S.A. 21-6606(a) generally extends a sentencing court's discretion to order sentences imposed for multiple convictions to run concurrent or consecutive. The court's discretion, however, is circumscribed by specific events outlined in subsections (c) through (e). K.S.A. 21-6606(c) requires the court to impose consecutive sentences for a crime committed while on probation. K.S.A. 21-6606(d) requires the court to impose consecutive sentences for a new crime committed while on felony bond. K.S.A. 21-6606(e)(1) requires the court to impose consecutive sentences for a new crime committed while the offender is incarcerated and serving a sentence for a previous felony. Clearly, the purpose of these subsections is to restrict the district court's general discretionary authority to order sentences to run concurrent in specific circumstances. See 58 Kan. App. 2d at 590-91.

Accordingly, the *Vaughn* court concluded that K.S.A. 21-6604(f)(4) and K.S.A. 21-6606(d) did not conflict.

"These two statutes, K.S.A. 2019 Supp. 21-6604(f)(4) and K.S.A. 2019 Supp. 21-6606(d), do not conflict. Rather, they are harmonious. The Legislature intended for them to be read together, as K.S.A. 2019 Supp. 21-6604(f)(4)'s reference to 'the provisions of K.S.A. 2019 Supp. 21-6606' confirms. This natural reading of the statutes makes sense. A district court which chooses to impose a new sentence on a defendant such as Vaughn must do so 'consecutively pursuant to the provisions of K.S.A. 2019 Supp. 21-6606.' K.S.A. 2019 Supp. 21-6604(f)(4). It has no discretion to do otherwise. See *Reed*, 237 Kan. at 687-88 (finding mandatory consecutive sentences were required under the predecessor statute to K.S.A. 2019 Supp. 21-6606[d]—K.S.A. 1984 Supp. 21-4608[4]— because Reed committed two felonies after being released on felony bond pending trial in the first case).

11

"In contrast, Vaughn's interpretation of K.S.A. 2019 Supp. 21-6604(f)(4) makes no sense. Vaughn interprets 'may' as modifying 'consecutively.' He thus reads the operative language in this statute to mean: 'a new sentence may be imposed consecutively or concurrently pursuant to the provisions of K.S.A. 2019 Supp. 21-6606.' But that adds language to the subsection, which says nothing about concurrent sentences. See *State v. Ardry*, 295 Kan. 733, 737, 286 P.3d 207 (2012) (it is not for an appellate court to add to or delete vital language from a statute). And a concurrent sentence for a defendant like Vaughn (who is sentenced for a felony on one date and then commits another felony while on felony bond) is impossible '*pursuant to the provisions of K.S.A. 2019 Supp. 21-6606.*' (Emphasis added.) K.S.A. 2019 Supp. 21-6604(f)(4). For that kind of repeat felon, the only applicable subsection in K.S.A. 2019 Supp. 21-6606 is (d), which mandates that the defendant 'shall serve the sentence consecutively.' So no concurrent sentence could be imposed pursuant to any provision of K.S.A. 2019 Supp. 21-6606 for Vaughn or similarly situated felons. Our interpretation, unlike Vaughn's, meets our duty to 'construe a statute to avoid unreasonable or absurd results.' *State v. Arnett*, 307 Kan. 648, 654, 413 P.3d 787 (2018)." *Vaughn*, 58 Kan. App. 2d at 592-93.

As Bayha notes, this court is not bound by the previous decisions of another panel of this court. See *State v. Mason*, 66 Kan. App. 2d 209, 221, 579 P.3d 978 (2025). This argument, however, cuts against Bayha's reliance on the concurring and dissenting opinion in *Cook*. The dissent's reasoning was not adopted as the majority opinion by that panel. The Kansas Supreme Court initially granted review of *Cook* but then dismissed the petition, thereby forgoing the opportunity to correct what Judge Malone believed was erroneous reasoning regarding the interpretation of K.S.A. 21-6604(f)(4). Later, the Kansas Supreme Court denied review of *Vaughn*, again forgoing an opportunity to correct any erroneous interpretation of K.S.A. 21-6604(f)(4) by this court.

The interpretation of K.S.A. 21-6604(f)(4) urged by Bayha would render K.S.A. 21-6606(d) meaningless. As stated, a sentencing court generally has discretion to order sentences to run concurrent with or consecutive to other sentences previously imposed or imposed at the same sentencing hearing. See *Reed*, 237 Kan. at 690 ("[I]n order for a trial

12

court to impose a consecutive sentence, there must be a prior sentence in *existence* at the time of the subsequent sentencing. A trial court has no authority to direct a sentence to run consecutively to a nonexisting sentence which might thereafter be imposed in a pending case."). So, if K.S.A. 21-6604(f)(4) is read to permit a sentencing court discretion to order a new felony committed while the offender was on felony bond to run concurrent or consecutive to the sentence imposed for the previous felony, the mandatory language of K.S.A. 21-6606(d) is meaningless. The Kansas Legislature might as well have omitted any provisions regarding the ordering of sentences when a new crime is committed on felony bond. Because Bayha's interpretation of the perceived conflict between K.S.A. 21-6604(f)(4) and K.S.A. 21-6606(d) renders K.S.A. 21-6606(d) superfluous, we adopt the statutory analysis of the court in *Vaughn*, which gives effect to the plain legislative intent of K.S.A. 21-6606(d).

*K.S.A. 21-6819(a)*

Bayha argues that another statute, K.S.A. 21-6819(a)—part of the KSGA—authorizes the court to impose concurrent sentencing, even when the circumstances of K.S.A. 21-6606(d) are satisfied, to avoid a manifest injustice. But this argument actually supports the interplay between K.S.A. 21-6604(f)(4) and K.S.A. 21-6606(d) as construed by the *Vaughn* court.

K.S.A. 21-6819(a) reads in material part: "The mandatory consecutive sentence requirements contained in subsections (c), (d) and (e) of K.S.A. 21-6606, and amendments thereto, shall not apply if such application would result in a manifest injustice." Bayha contends that this provision demonstrates a legislative intent to grant a district court discretion to order sentences to run concurrent, even if the conditions of K.S.A. 21-6606(d) are satisfied. To the contrary, we find that this provision emphasizes the mandatory nature of K.S.A. 21-6606(d) in two ways. First, the explicit language of the provision recognizes the mandatory nature of consecutive terms under K.S.A. 21-

13

6606(c), (d), or (e). Second, if the court possessed discretion to order concurrent sentences under K.S.A. 21-6604(f)(4) even where the conditions of K.S.A. 21-6606(d) were met, then the exception provided for a manifest injustice would be meaningless. Any court inclined to find a manifest injustice would presumably exercise any discretion it possessed under the relevant statutory authority to impose concurrent sentences under the circumstances.

While K.S.A. 21-6819(a) provides an exception to the mandatory consecutive sentencing provision of K.S.A. 21-6606(d) for a showing of manifest injustice, appellate courts applying this provision place the burden of production on the defendant. In other words, if a criminal defendant seeks to apply the manifest injustice exception of K.S.A. 21-6819(a), he or she must present facts or argument to demonstrate that mandatory consecutive sentences constitute a manifest injustice. See *State v. Briones*, No. 119,760, 2019 WL 3980652, at *10 (Kan. App. 2019) (unpublished opinion). In other contexts, where a showing of manifest injustice warrants an exception to a rule, the party claiming a manifest injustice would result from the application of that rule bears the burden of establishing facts showing a manifest injustice. See, e.g., *State v. Hutto*, 313 Kan. 741, 745, 490 P.3d 43 (2021) (burden to show manifest injustice warrants withdrawing a plea); *Denney v. State*, No. 128,320, 2026 WL 709669, at *3 (Kan. App. 2026) (unpublished opinion) (burden to show manifest injustice tolls one-year limitation of K.S.A. 60-1507); *Strategic Energy Income Fund III v. Stephens Energy Group*, No. 126,026, 2024 WL 3634308, at *13 (Kan. App. 2024) (unpublished opinion) (burden to show manifest injustice to modify pretrial order).

This is where Bayha's failure to object to the district court's declared intent to apply a special sentencing rule undermines his appeal. We now lack a factual record sufficient to determine manifest injustice. Notably, Bayha does not even argue that the imposition of consecutive sentences would constitute a manifest injustice. He only contends that the exception for manifest injustice establishes judicial discretion that the

14

district court failed to recognize it possessed. The possibility of setting aside mandatory sentencing provisions on a showing of manifest injustice, however, is not the same as authorizing a district court to exercise its own discretion in sentencing. Only if a criminal defendant affirmatively provides facts and argument that persuade a court of the manifest injustice inherent in consecutive sentencing is a sentencing court authorized to suspend the mandatory sentencing provisions of K.S.A. 21-6606(d). The record does not support the district court's avoidance of the mandatory sentencing provision within K.S.A. 21-6606(d).

The district court did not err when concluding that K.S.A. 21-6606(d) required the court to run the sentence imposed in this case consecutive to the sentence imposed in the Leavenworth County case.

Affirmed.